575 A.2d 967

George POULOS, et al., Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, and Chrysler Motors Corporation, Kirk Poulos, Appellees.

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided May 31, 1990.

John C. Youngman, Jr., Candor, Youngman, Gibson & Gault, Williamsport, for appellants.

Charles W. Rubendall, II, with him, Wayne M. Pecht, Keefer, Wood, Allen & Rahal, Harrisburg, for appellees.

Before COLINS, PALLADINO and McGINLEY, JJ.

PALLADINO, Judge.

George Poulos, Jane Poulos, Kirk Poulos, and Louis Poulos (Appellants) appeal from an order of the Court of Common Pleas of Dauphin County (trial court) which granted Chrysler Motors Corporation's (Chrysler) motion for default judgment.[1] We affirm.

Appellants were injured when the 1980 Chrysler Lebaron in which they were riding spun out of control, went into a ditch, and rolled over. Appellants filed a products liability action against Chrysler alleging that the car was defective and unreasonably dangerous.

1. In its order, trial court specifically granted Chrysler's motion for default judgment but also entered a judgment of non pros against Appellants pursuant to Pa.R.C.P. No. 4019(c)(3). In its opinion, trial court acknowledges that it utilized incorrect terminology in granting a

On March 29, 1988, Chrysler served on Appellants a request for admissions, a request for production of documents and interrogatories. On May 24, 1988, Chrysler filed a motion to compel Appellants to respond to the interrogatories and request for production of documents. Trial court held a discovery conference during which Appellants' attorney stated that answers to Chrysler's discovery requests would be forthcoming.

A second discovery conference was held after Appellants failed to attend scheduled depositions. During this conference, trial court granted Chrysler's motion for sanctions because of Appellants' failure to attend the depositions. Trial court also ordered Appellants to produce the documents requested by Chrysler and to fully and completely answer Chrysler's interrogatories. On September 12, 1988, Appellants answered Chrysler's interrogatories and produced some documents. Chrysler found Appellants' responses inadequate. Appellant filed supplemental responses to the interrogatories which Chrysler also deemed deficient. Chrysler filed a motion for default judgment alleging that Appellants' responses to the discovery requests were insufficient.

A third discovery conference was held and trial court entered an order neither granting nor denying Chrysler's motion for default judgment and granting Appellants' request for a thirty day extension to answer Chrysler's discovery requests. Trial court stated that Chrysler's motion for a default judgment would be granted if Appellants failed to answer completely all of Chrysler's interrogatories or produce all the requested documents. Appellants produced answers to interrogatories and requested documents. Again, Chrysler deemed the responses inadequate and renewed its motion for default judgment.

Trial court granted a judgment of non pros as to Chrysler only. Appellant appealed to the superior court. Chrysler

default judgment. Trial court states that it entered a judgment of non pros. We will refer to the judgment as such.

filed a motion to quash that appeal. Superior court transferred both the appeal and the motion to quash to this court. At oral argument Chrysler withdrew its motion to quash. Therefore, we will address the merits of the appeal.

The trial court's order is based upon Pa.R.C.P. No. 4019(c) (Rule) which governs sanctions in the discovery process and states in pertinent part as follows:

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005.

. . . .

(viii) a party or person otherwise fails to make discovery or obey an order of the court respecting discovery.

. . . .

(c) This court, when acting under subdivision (a) of this rule may make

. . . .

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering judgment of non pros or by default against the disobedient party or party advising the disobedience;

The purpose of Rule 4019 is to ensure compliance with proper orders of court, and adequate and prompt discovery of matters allowed by the rules of civil procedure. *Marshall v. Southeastern Pennsylvania Transportation Authority*, 76 Pa.Commonwealth Ct. 205, 463 A.2d 1215 (1983). The imposition of specific sanctions under the Rule is within the discretion of the trial court. *Pompa v. Hojnacki*, 445 Pa. 42, 281 A.2d 886 (1971). The trial court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. *Marshall.*

A court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due

diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party. *Sporer v. Department of Transportation,* 122 Pa.Commonwealth Ct. 263, 552 A.2d 313 (1988).

■ Appellants argue that trial court abused its discretion in entering the judgment of non pros because Appellants answered the interrogatories to the best of their ability. Appellants explain that their failure to specifically answer Chrysler's interrogatories which request the specific nature of the alleged defects in the vehicle is because discovery is continuing and Appellants' expert needs to take discovery of Chrysler to answer Chrysler's interrogatories.

Appellants filed their complaint in this action on May 14, 1987. An inspection of the case papers reveals that at the time of trial court's opinion of August 16, 1989, Appellants had yet to initiate any discovery of Chrysler. Appellants, in responding to the inquiry of the trial court, gave as their reason for failing to completely answer Chrysler's interrogatories their need to have their expert conduct discovery of Chrysler. Appellants had ample time to begin discovery. This Appellants neglected to do. We hold that this circuitous explanation is insufficient to excuse Appellants' delay in this action.

Further, trial court concluded that Chrysler was prejudiced by Appellants' refusal to completely answer its interrogatories. Trial court held that Chrysler is unable to prepare a defense or evaluate the worth of the action since the inception of the action, has been forced to bear the stigma of allegedly producing a car which caused severe injuries, and has incurred continuous and substantial legal expenses in repeatedly trying to obtain the most basic of discovery information.

After a thorough review of the record, we concur with trial court's assessment of the prejudice to Chrysler caused by Appellants' failure to properly conduct discovery. *See McSloy v. Jeanes Hospital,* 376 Pa.Superior Ct. 595, 546

A.2d 684 (1988) (the stigma attached to an unresolved lawsuit and continuous legal expenses caused by a parties failure to obtain an expert witness is prejudice sufficient to justify entering a judgment of non pros). We are satisfied that the elements necessary for the entry of a judgment of non pros have been met. Therefore, we hold that trial court did not abuse its discretion by entering a judgment of non pros.

Accordingly, we affirm.

## ORDER

AND NOW, May 31, 1990, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is affirmed.

CRUMLISH, former President Judge, did not participate in the decision in this case.