602 A.2d 1360

Georgia LAWRENCE, Individually and as Administratrix
of the Estate of John Lawrence, Deceased, Appellant,

v.

GENERAL MEDICINE ASSOCIATION, LTD.
and Dr. Eric E. Shore, D.O., Appellees.

Superior Court of Pennsylvania.

Submitted Nov. 20, 1991.

Filed Feb. 14, 1992.

164

Arthur H. James, Philadelphia, for appellant.

Fredric L. Goldfein, Philadelphia, for appellees.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This case involves an appeal from the July 10, 1989, order entering judgment of non pros against the plaintiff/appellant, Georgia Lawrence, individually and as Administratrix of the Estate of John Lawrence, deceased. We affirm.

The facts of record, which are not in dispute, reveal that on July 1, 1988, the plaintiff filed a complaint alleging negligence on the part of the defendants/appellees, General Medicine Association, Ltd., and Eric E. Shore, D.O., in their failure to treat and/or diagnose John Lawrence's lung cancer during the period from 1982 to 1986 when he was under their care and supervision.

By reason of the appellees' conduct, the plaintiff alleged her husband suffered severe and permanent injuries, extensive pain and remained incapacitated until his death on July 1, 1986.

On July 28, 1988, the appellees served the plaintiff with interrogatories and a request for the production of documents. When the plaintiff failed to comply, a motion to

compel was filed and heard by the court as uncontested on January 6, 1989. The plaintiff was directed to answer the defendants' discovery request within twenty days. Because no answers or documents were forthcoming, the defendants filed a second motion for sanctions. On April 7, 1989, the court granted the motion. The order read:

1. Plaintiff shall pay a counsel fee of $150.00 for the preparation and filing of this motion;

2. Plaintiff is cautioned that her continued and unexplained failure to comply with our order of January 6, 1989 may occasion even harsher sanctions; and

3. Defendant is directed to refrain from seeking further sanctions for thirty (30) days.

The motion and order were also uncontested.

On July 1, 1989, following the plaintiff's continued failure to act, the court granted the appellees' second motion for sanctions and entered a judgment of non pros against the plaintiff. This motion was likewise uncontested.[1] An appeal was filed.

■ The plaintiff claims that the court erred in granting a judgment of non pros as a discovery sanction. Before responding to the allegation, we need to address the argument of the court and appellees alike that the plaintiff's right to appeal has been waived for her failure to contest any of the defendants' motions below.

The law is quite clear:

... a judgment of non pros resulting from a sanction imposed against a plaintiff (as well as a defendant) for failure to respond in a timely fashion to an Order requiring him to respond to depositions[/discovery], is a final and appealable order....

1. The court did note on the face of the July 10, 1989, order that:
    The plaintiff seems to have no interest in pursuing this case. Counsel tells us that his opponent telephoned and explained that he wanted to oppose the motion, but might be a "few minutes" late. As a result, and at the request of defense counsel, we held this matter until there were no other motions to be heard, i.e. we took it last. Nevertheless, no one appeared to answer.

*Smith v. J.C. Guiffre Medical Center,* 366 Pa.Super. 321, 327, 531 A.2d 438, 441 (1987) (allocatur granted). In light of the preceding, the plaintiff's failure to supply discovery is a subject which is to be dealt with in the context of whether the non pros was a proper exercise of judicial discretion, i.e., did the "punishment fit the crime". See *Gonzales v. Procaccio Bros. Trucking Co.,* 268 Pa.Super. 245, 407 A.2d 1338, 1341 (1979); see also *Feingold v. Philadelphia National Bank,* 313 Pa.Super. 579, 460 A.2d 339, 342 (1983).

Therefore, the plaintiff's failure to act *and her reasons for doing so* are part of our assessment of whether the non pros was consistent with the exercise of judicial discretion under Pa.R.Civ.P. 4019. See *McSloy v. Jeanes Hospital,* 376 Pa.Super. 595, 602, 546 A.2d 684, 687 (1988); see also *Poulos v. Com., Dept. of Trans.,* 133 Pa.Cmwlth. 322, 575 A.2d 967, 969 (1990). One's failure to object is not a discrete inquiry we make in deciding whether the assailment of the judgment of non pros is preserved for appellate review. See Rule 4019(a)(2), wherein a court *may* excuse the failure to respond to a discovery request *if* the court finds the objection "appropriate". Here, the court determined that the plaintiff's failure to object to discovery should be the *basis* for affirming the non pros order. We, instead, look to the reason(s) offered for the appellant's non-action.

■ We need to decide, in addition to whether the plaintiff's failure to act diligently (which, of necessity, would encompass an examination of the reason(s) for her (in)action), whether the delay has caused prejudice to the adverse party/appellees. See *McSloy,* supra; *Moore v. George Heebner, Inc.,* 321 Pa.Super. 226, 229, 467 A.2d 1336, 1337 (1983); *Poulos,* supra. In furtherance of that resolution, we begin by observing that the imposition of sanctions is governed by Rule 4019. It reads in relevant part:

RULE 4019. SANCTIONS

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

\* \* \* \* \* \*

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

\* \* \* \* \* \*

(c) The court, when acting under subdivision (a) of this rule, may make

\* \* \* \* \* \*

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising this disobedience.

The purpose of Rule 4019 is to insure compliance with proper orders of court, and adequate and prompt discovery of matters allowed by the Rules of Civil Procedure. *Poulos,* supra. The imposition of specific sanctions under the Rule is within the discretion of the trial court. *Pompa v. Hojnacki,* 445 Pa. 42, 281 A.2d 886 (1971). The trial court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. *Gonzales,* supra.

■ In determining whether a non pros is proper, a three-part analysis is employed:

A Court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party ....

*Moore,* supra, 321 Pa.Super. at 229, 467 A.2d at 1337, quoting *James Bros. Lumber Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

■ With regard to the presentment of a "compelling reason for the delay", counsel for the plaintiff has offered *no explanation either to the court below or in his appel-*

*late brief to Superior Court* to excuse his non-feasance. See Appellant's Brief at 10. Instead, counsel argues that it is he "who should be punished, not his innocent client" for neglecting to respond to the interrogatories or produce documents. Id. at 11. In responding to a similar argument, this Court has observed:

> ... the[re is a] line of cases which allow for the vacating of a non pros or the opening of a default judgment where the reason for the non pros or default judgment is merely mistake, oversight or neglect of counsel. (citations omitted).

These cases, however, do not support a blanket rule that all judgments of non pros can be vacated simply by an admission of counsel that he was negligent. Such a rule would allow the purpose behind a non pros to be easily circumvented. If counsel's mistake, oversight, or neglect is to be a reason to vacate a non pros, that mistake, oversight or neglect must be *reasonably* explained. (citations omitted).

As was stated in *Hale v. Uhl*, 293 Pa. 454, 458, 143 A. 115, 116 (1928), "If for such unsubstantial reasons a salutory rule of court could be set at naught, it would be useless, and a defendant would be unable to protect himself from intolerable delays." If counsel's explanation or excuse for his mistake, oversight, or neglect, is *reasonable,* then the *second* criteria for opening a non pros will be met and the non pros may be vacated. However, *if counsel merely states that he was negligent without offering a reasonable explanation or excuse, we are left with no alternative but to refuse to vacate the non pros. The argument that refusing to vacate a judgment of non pros punishes the plaintiff for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained.* There must be a point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice.

Applying this justice-oriented standard to the case before us, we hold against appellant. After alleging the neglect of prior counsel, appellant does not go on to offer a reasonable explanation for that neglect. Merely because four counsel are involved, rather than one, does not obviate the need for such an explanation.

*Moore,* supra, 321 Pa.Super. at 231–232, 467 A.2d at 1338–1339, quoting *Dupree v. Lee,* 241 Pa.Super. 259, 265–66, 361 A.2d 331, 331–335 (1976) (Emphasis added in part); see generally *Vorhauer v. Miller,* 311 Pa.Super. 395, 457 A.2d 944 (1983).

Under the *Moore* standard, we hold against the appellant. Although counsel for the appellant implies his own negligence was responsible for the failure to respond to the interrogatories and the production of documents, he neglects to offer any explanation, let alone a reasonable one, for his inaction. This lack of justification for failing to act undermines the appellant's request for a reversal of the judgment of non pros. Id; *Vorhauer,* supra.

As for the presence or absence of "prejudice" to the appellees, we are cognizant that, as was stated in *Gonzales,* supra,

Pa.R.C.P. 4019 envisions a procedure by which the court, when confronted with a failure [to comply with a discovery request], will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which "fits the crime." *If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate.* Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to "fit the punishment to the crime" compels the exercise of judicial discretion. The Court is required to strike a balance between the procedural need to move

the case to a prompt disposition and the substantive rights of the parties.

268 Pa.Super. at 252, 407 A.2d at 1341 (Emphasis added).

Instantly, the discovery request related to *both* liability and damages. Contrast *Roman v. Pearlstein,* 329 Pa.Super. 392, 400, 478 A.2d 845, 849 (1984). And, the appellees set forth in their Motion to Compel that:

4. The subject matter sought by defendants' interrogatories and request for production is not privileged, is relevant to the subject matter involved in this action and will substantially aid in the preparation of pleadings or in the preparation of trial for this case and defendant will be severely *prejudiced* if answers to said discovery pleadings are not promptly provided.

R. 56a (Emphasis added).

We find that the court could not have chosen less drastic measures to sanction the appellant for her failure to respond to interrogatories and the production of documents since the information sought went to the heart of the appellant's medical malpractice suit, e.g., Interrogatories Nos. 33 & 34 made inquiry of any expert opinion or person concerning the treatment, surgery or examination upon which the lawsuit was based. Also, Interrogatories Nos. 40–55 requested information, if any, regarding the ground(s) for the allegations of medical malpractice.

Albeit the appellant may have been able to testify to the facts leading to her husband's illness, she certainly was not qualified to give an opinion, within a reasonable degree of medical certainty, as to how the negligence of the appellees *caused* the decedent to contract his illness. Contrast *Feingold v. Philadelphia National Bank,* 313 Pa.Super. 579, 584, 460 A.2d 339, 342 (1983) (Interrogatories asked for information which, although relevant, was not determinative of the entire controversy: fraudulent misrepresentation, intentional infliction of emotional distress, libel, and breach of contract for appellees stopping the appellant's credit privileges; appellant could testify to his embarrassment and humiliation).

Therefore, to have excluded the information sought via the Interrogatories and production of documents, e.g., reports prepared by any expert, would have hampered the appellant from establishing her case for medical malpractice. See Rule 4019(c)(2). Thus, the information sought was "determinative" of the entire controversy. *Gonzales,* supra. Since the appellant offered no justification for her inaction and the absence of the information sought "prejudiced" the appellees' ability to defend the allegations of medical malpractice, we hold that the appellant is not entitled to have the judgment of non pros reversed.[2]

Order affirmed.

CAVANAUGH, J., concurs in the result.

---

2. There is no evidence proffered by the appellant that she acted with reasonable promptitude to move the case through the judicial system.