## McCarthy v. Central Fulton County School District

*Aaron S. Friedmann,* for plaintiff.
*Jeffrey H. Quinn,* for defendant.

WALKER *P.J.,* September 20, 1994—

### FINDINGS OF FACT

Plaintiff filed a complaint against the Central Fulton School District on August 19, 1991, claiming damages as a result of a slip and fall incident which occurred on August 23, 1989. Because plaintiff is claiming lost income and future lost earnings as a result of this incident, defendant retained a vocational rehabilitation expert to examine the plaintiff.

Plaintiff's counsel was informed by letter dated November 12, 1992 that the vocational rehabilitation examination was scheduled for December 10, 1992 at 10 a.m. at defense counsel's office. Plaintiff's counsel cancelled that examination and set a new date agreeable to both parties for January 7, 1993 at 10 a.m. at defense counsel's office. On or about January 6, 1993, defense counsel called plaintiff's counsel at which time the vocational rehabilitation examination was confirmed for

the following day; however, plaintiff failed to appear for that examination.

Believing that the vocational examination would not be obtained without a court order, defendant moved for an order compelling plaintiff's appearance for the vocational examination. An order was entered against plaintiff on April 12, 1993 compelling an examination within 30 days of the order, and compelling plaintiff to pay $138 to defense counsel for failing to appear at the vocational examination on January 7, 1993. A vocational examination was scheduled pursuant to the court order for July 15, 1993. Again, plaintiff did not appear.

Due to plaintiff's failure to appear for the July vocational examination, defendant filed a second motion to compel, and on August 13, 1993 a second order was entered against plaintiff compelling an examination within 20 days. A vocational examination was scheduled pursuant to the court order and on a date mutually selected by both parties for August 25, 1993. Plaintiff cancelled said examination on August 24, 1993.

A third motion to compel was filed by defendant and on September 21, 1993, a third order compelling an examination was entered which also required plaintiff to pay defense counsel $138 previously owed for failing to appear and $300 in costs and attorney fees. Again, plaintiff did not appear for the vocational examination.

Defendant filed a fourth motion to compel on October 26, 1993, and on October 27, 1993, a fourth order compelling the examination was entered ordering plaintiff to appear for said examination by Tuesday, November 16, 1993. This order also required plaintiff to pay defense counsel $138 previously owed for failing to appear and an additional $300 in costs and attorney fees for a total of $600 in costs and attorney fees. Plaintiff again failed to appear.

Defendant filed a fifth motion to compel on November 29, 1993 and on December 9, 1993, a fifth order was issued upon plaintiff to show cause why he should not be found in contempt of court. This order also required plaintiff to pay to defense counsel $138 previously owed for failing to appear and an additional $300 in costs and attorney fees for a total of $900 in costs and attorney fees. Although this order required plaintiff to respond within 15 days of the receipt of the order, plaintiff did not respond.

As a result of plaintiff's failure to respond to defendant's fifth motion to compel, defendant filed a sixth motion to compel and also a motion to make rule absolute on January 24, 1994. An order was entered on February 7, 1994 granting defendant's motion dismissing with prejudice plaintiff's action against the Central Fulton School District and ordering plaintiff to pay an additional $300 in costs and attorney fees for a total of $1200 in costs and attorney fees. At this time, plaintiff owed a sum total of $1,380 to defendant, none of which has been paid to date.

Plaintiff finally responded to this sixth order by filing a motion to vacate the order of February 7, 1994 on March 23, 1994. As a result, an order was signed on March 29, 1994 entering a rule to show cause why said order should not be vacated. It is upon this motion that this court is now acting. This court has listened to both parties' arguments and has carefully reviewed both parties' briefs; consequently, this matter is now ripe for disposition.

## DISCUSSION

"(a)(2) The court may, on motion, make an appropriate order if ...

"(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery ...

"(c) Thè court, when acting under subdivision (a) of this rule, may make ...

"(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience." Pa.R.C.P. 4019.

"The purpose òf Rule 4019 is to ensure compliance with proper orders of court, and adequate and prompt discovery of matters allowed by the rules of civil procedure." *Poulos v. PennDOT,* 133 Pa. Commw. 322, 325, 575 A.2d 967, 969 (1990). It is obvious in this case that these purposes have not been carried out. Direct orders of court were not obeyed and matters were not adequately nor promptly discovered. It is at this point that this court refuses to accept the blatant disregard by plaintiff's counsel of numerous court orders, especially when it interferes with the orderly administration of the courts of this Commonwealth.

In determining whether to impose sanctions for discovery violations, "[t]he court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." *Pride Contracting Inc. v. Biehn Construction Inc.,* 381 Pa. Super. 155, 159, 553 A.2d 82, 84 (1989), quoting *Gonzales v. Procaccio Brothers Trucking Co.,* 268 Pa. Super. 245, 252, 407 A.2d 1338, 1341 (1979). *Accord Poulos v. PennDOT.* Cases cannot be allowed to drag on indefinitely. Although plaintiff may feel that dismissal of this case is a harsh sanction,

Pa.R.C.P. 4019 expressly allows such action when a party fails to make discovery or to obey an order of court. This case has been pending for the last three years and in that time plaintiff has been given more than ample opportunity to respond to defendant's requests for discovery and to court orders directing plaintiff's attendance at a vocational examination. These requests and corresponding court orders have all been ignored by plaintiff.

A court may properly enter a judgment of non pros when a party to the proceeding has shown a lack of due diligence in proceeding with an action with reasonable promptitude, when there has been no compelling reason for such lack of due diligence, and when the opposing party has suffered prejudice because of such delay. *Lawrence v. General Medicine Association Ltd.,* 412 Pa. Super. 163, 602 A.2d 1360 (1992); *Moore v. George Heebner Inc.,* 321 Pa. Super. 226, 467 A.2d 1336 (1983).

There seems to be no question as to whether plaintiff has lacked due diligence in proceeding with this action with reasonable promptitude. The incident upon which this action was brought occurred on August 23, 1989. A complaint was filed almost two years later on August 19, 1991. Requests for plaintiff to submit to vocational examinations began on November 12, 1992 and approximately one year, nine months and six court orders later, a vocational examination has still not been conducted.

Counsel must provide an explanation to excuse his nonfeasance. *Lawrence, supra.* This court fails to find a compelling reason for plaintiff's delay in proceeding with his action. Plaintiff claims his client's absence from the state was due to his incarceration is a sufficient excuse for noncompliance. However, there is no evi-

dence that opposing counsel or this court was ever informed that plaintiff was incarcerated during the times that plaintiff was requested and ordered to appear for the various vocational examinations. Although plaintiff has provided this court with a set of defendant's interrogatories, concerning whether plaintiff was in fact incarcerated, there is no indication of any response to those interrogatories. If defendant's counsel had been informed of plaintiff's whereabouts, surely an agreement could have been reached arranging an examination which would have been convenient for plaintiff to attend. Since defendant's counsel was never informed of the situation, they were never given the opportunity to arrange such an appointment.

Plaintiff further argues that he could not appear due to necessary back surgery. The evidence indicates that plaintiff had the back surgery on November 18, 1993; surely a vocational examination could have been performed between November 12, 1992 and November 18, 1993 even if plaintiff was incarcerated during that time.

Prejudice can occur any time there is "a substantial diminution of a party's ability to properly present its case. ..." *McSloy v. Jeanes Hospital,* 376 Pa. Super. 595, 602, 546 A.2d 684, 687 (1988), quoting *Metz Contracting Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 451, 520 A.2d 891, 894 (1987). Evidentiary difficulties, costs incurred and the social stigma attached to a lawsuit are all factors which are to be considered when determining whether a party has been prejudiced by the opposing party's lack of due diligence. *McSloy, supra.* Because of plaintiff's excessive delays, defendant will lose the ability to fully and adequately present his case. Because plaintiff had back surgery performed prior. to any vocational examination, defendant will

never know what conditions existed prior to surgery and what new conditions may have arisen, if any, as a result of the back surgery. There was a period of over one year in which plaintiff could have submitted to the requested vocational examination prior to having any back surgery performed. This would have given defendant the opportunity to investigate any damage incurred as a result of the slip and fall incident on August 23, 1989 without the further complications of trying to determine what conditions were caused by the fall and what conditions may have resulted from the back surgery. This court feels that his is clearly the type of prejudice to defendant that our procedural system was attempting to avoid by implementing Rule 4019. These evidentiary problems coupled with the costs incurred by defendant in defending against a suit for over three years and the stigma attached to the defendant by being involved in a lawsuit clearly warrant this court's finding of prejudice to the defendant for plaintiff's dilatory actions.

Several factors must be considered when a discovery sanction is imposed. They include, examining defaulting party's failure in light of prejudice caused by opposing party and whether that prejudice can be cured, defaulting party's willfulness or bad faith in failing to comply with discovery order, number of discovery violations and, importance of precluded evidence in light of failure. *Steinfurth v. LaManna, M.D.,* 404 Pa. Super. 384, 590 A.2d 1286 (1991).

It has already been shown that defendant has been prejudiced by plaintiff's inaction, and the only way to cure such prejudice would be to prohibit him from introducing evidence concerning his physical condition. Therefore, this court sees no reason to grant such a remedy when this would in effect produce the same

result as a non pros. This court also feels that it would be futile to stay further proceedings until its orders have been obeyed considering five of them have gone unheeded.

Plaintiff willfully failed to respond to five court orders and only answered the sixth order which dismissed the case with prejudice. Plaintiff was ordered four times to submit to a vocational examination and each time he failed to appear. Plaintiff had ample warning that he risked having further sanctions imposed; each order warned plaintiff that he risked being subjected to sanctions if he did not comply with said order.

## CONCLUSION

Although plaintiff may feel that this court is imposing a harsh decision, he was given more than enough opportunity to comply with numerous requests and orders to submit to the vocational examinations. Plaintiff was not forthcoming with any information which would indicate his inability to appear for such examination nor were any requests for extension of time approved by this court other than the extension granted on March 25, 1993 extending filing a certificate of readiness or listing the case for September 1, 1993. This court gave plaintiff four opportunities to comply with the discovery requests and orders, and five opportunities to respond to those court orders; however, all went unheeded. This court fails to see how any sanction other than dismissal would be effectual considering plaintiff's gross disregard of the authority of this court. Therefore, this court is denying plaintiff's motion to vacate the order to dismiss.

## ORDER

September 20, 1994, the plaintiff's motion to vacate the order dismissing the case is denied.