## Highway Service Inc. v.
## CNA Insurance Companies

*Allen L. Feingold,* for plaintiff.
*Kevin Weinstein,* for defendants.

SOKOLOVE, *J.,* October 6, 1994—Plaintiff Highway Service Inc. has appealed to the Superior Court from our entry of a judgment of non pros for its failure to comply with an earlier order compelling discovery. We offer the following explanation of our order.

Plaintiff initiated this matter by filing a praecipe for writ of summons on March 27, 1992. Plaintiff, represented by attorney Stephen L. Needles of the law firm of Stuckert and Yates, filed a complaint on July 24, 1992. The complaint stated that plaintiff is a Pennsylvania corporation and alleged causes of action sounding in tort and contract for defendants' failure to secure and provide insurance coverage for damage to plaintiff's automobile from an April 19, 1990 accident. Plaintiff asked for an award in an amount less than $20,000. Attached as an exhibit to the complaint was an automobile repair estimate totalling $4,935.79.

The pleadings closed on January 4, 1993, and the parties engaged in discovery. On February 19, 1994, defendant The Bennett Group Inc. filed a motion to compel plaintiff's answers to interrogatories and to a

request for production of documents. The motion stated that this defendant had served interrogatories and a request for production of documents upon plaintiff's counsel of record on September 29, 1993, but that, despite defendant's further inquiry, plaintiff had failed to object or to answer the interrogatories and request for production. The defendant alleged that, without answers to this discovery, it was unable to evaluate its defense and adequately prepare for trial. The defendant asked for an order compelling the plaintiff to respond or to be subject to sanctions, specifically including a judgment of non pros. We entered the requested order on March 30, 1994, directing the plaintiff to either request a hearing within 10 days of service of the order or to provide the defendant with full and complete answers to the subject discovery within 30 days of the order's service. The order expressly warned plaintiff that its noncompliance was subject to sanctions, "including the possibility of a judgment of non pros."

In the meantime, on February 22, 1994, Mr. Needles had filed a petition for leave to withdraw as plaintiff's attorney. That petition alleged that plaintiff had failed to pay counsel's bills for services rendered and, furthermore, had "failed and refused to cooperate in the preparation and filing of answers to discovery requests propounded by the defendants." Petition for leave to withdraw, paragraph 7.

Attached to the petition as exhibit "C" were four letters from Mr. Needles to Mr. Donald Mueller at addresses in Camp Hill and Frackville, Pennsylvania. Three of the four letters were copied to a Joseph Mueller. The first letter, dated October 1, 1993, enclosed the interrogatories and request for production of documents from defendant Bennett and informed Mr. Mueller that he was required to file answers to the discovery requests by November 1, 1993 or his complaint "may be dismissed." The second letter, dated October 18, 1993

stated that Mr. Needles continued to await Mr. Mueller's executed verification to answers to requests for production of documents, as well as rough drafts of answers to defendant Bennett's interrogatories. The third letter, dated November 5, 1993, enclosed a letter from defense counsel and concluded, "As you can see, until you provide me with your answers to Bennett's interrogatories and request for production of documents, this case will proceed no further." The last letter, dated November 23, 1993, reminded Mr. Mueller that he had not signed the requested verification for the production of documents and that he had not answered the interrogatories which had been sent to him on three separate occasions. The letter warned that "you risk having your lawsuit dismissed if you do not promptly comply with these discovery requests."

We entered a rule on the petition to withdraw on March 30, 1994, returnable April 25, 1994.

On May 18, 1994 defendant Bennett filed a motion for sanctions, stating that the order compelling discovery had been mailed to Mr. Needles, plaintiff's attorney of record, on April 4, 1994. A copy of the signed return receipt, dated April 5, 1994, was attached as an exhibit. The motion alleged that plaintiff had still not responded to the outstanding discovery. Hearing was set on the motion for July 26, 1994.

Because we had entered a rule absolute on June 2, 1994 allowing Mr. Needles to withdraw from the matter, Bennett's attorney mailed copies of the order for the July 26, 1994 hearing and of the underlying motion to Donald Mueller at his address in the state penitentiary in Frackville, Pennsylvania and to two addresses of the corporate plaintiff. Only one letter to the corporate plaintiff was returned as undelivered.

At the scheduled hearing on July 26, 1994, a local attorney appeared on behalf of plaintiff's newly retained counsel, Allen Feingold. The attorney, without entering

his appearance for plaintiff, requested additional time to respond to the discovery. We denied the attorney's request and imposed the sanction of a judgment of non pros upon plaintiff for failure to comply with this court's order to complete necessary discovery.

In pertinent part, Pa.R.C.P. 4019 provides for discovery sanctions as follows:

"(a)(1) The court may, on motion, make an appropriate order if

"(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005; . . .

"(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

"(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery. . . .

"(c) The court, when acting under subdivision (a) of this rule, may make . . .

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising this disobedience." Pa.R.C.P. 4019(a)(1)(i), (vii), (viii), (c)(3).

The purpose of Rule 4019 is to ensure compliance with proper orders of court and adequate and prompt discovery of matters allowed by the rules of civil procedure. *Lawrence v. General Medicine Association Ltd.,* 412 Pa. Super. 163, 602 A.2d 1360 (1992); *Poulos v. PennDOT,* 133 Pa. Commw. 322, 575 A.2d 967 (1990). The imposition of specific sanctions under the rule is within the trial court's discretion. *Id.* The trial court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. *Id.* In other words,

the court is to select a punishment which "fits the crime." *Gonzales v. Procaccio Brothers Trucking Co.,* 268 Pa. Super. 245, 252, 407 A.2d 1338, 1341 (1979). Where the information sought by the unanswered discovery requests is determinative of the entire controversy, or goes to the heart of the matter, the entry of judgment of non pros is an appropriate sanction. *Lawrence v. General Medicine Association Ltd., supra.*

A court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for the delay and the delay has caused some prejudice to the adverse party. *Sporer v. PennDOT,* 122 Pa. Commw. 263, 552 A.2d 313 (1988); *Moore v. George Heebner Inc.,* 321 Pa. Super. 226, 467 A.2d 1336 (1983). These requirements were met in the matter before us.

Clearly, the plaintiff has failed to proceed with reasonable promptitude. Almost 10 months after service of the interrogatories and request for production of documents, and despite continuous prodding by counsel, plaintiff had still not answered the discovery. Indeed, the record reveals a complete lack of interest in the case by Donald Mueller, who apparently was a representative of plaintiff.

The plaintiff did not offer a compelling reason for the nine-month delay. The only reason suggested at the hearing and in plaintiff's statement of matters complained of on appeal was the incarceration of Donald Mueller. The statement alleges that

"(4) Plaintiff is incarcerated on a murder conviction and a tax conviction and is fighting these convictions, with little or no help or money, and the courts of Bucks County did little to assist him or obtain counsel for him, due to his destitute and indigent condition.

"(5) Without counsel and being in prison, it was rather hard for the plaintiff to take care of defendants' discovery requests."

This is not an adequate justification for the failure of many months to respond to discovery requests. First, the record does not reveal the relationship of the imprisoned Donald Mueller to the actual plaintiff, Highway Service Inc. Nor does the record disclose that Donald Mueller was the sole, informed representative of plaintiff in this matter. Second, Mr. Mueller's imprisonment alone, assuming he is the only corporate representative, does not present a compelling reason for the delay. See *Jones v. Rudenstein,* 401 Pa. Super. 400, 585 A.2d 520 (1991); *Gaito v. Matson,* 228 Pa. Super. 288, 323 A.2d 753 (1974), *cert. denied,* 419 U.S. 1092. Mr. Mueller's asserted difficulties with the criminal justice system are irrelevant to this civil proceeding, and the statement that "it was rather hard" for him to comply with the court-ordered discovery does not meet the requisite standard. Inconvenience is not a compelling reason.

Defendant Bennett has been prejudiced by plaintiff's lack of response to the discovery requests. Without full and complete answers, defendant Bennett states that it has been unable to evaluate its defense or prepare for trial. We can infer from the record as well that this defendant has incurred legal expenses in pursuing the discovery plaintiff has been evading. This is sufficient prejudice to defendant to warrant the judgment of non pros. *Poulos v. PennDOT, supra.* See *Lawrence v. General Medicine Association Ltd., supra.*

We are satisfied that the judgment of non pros was a legally proper sanction in this matter. The plaintiff contends that its legal and constitutional rights were somehow violated by the entry of our order in Donald Mueller's absence and without affording new counsel a further opportunity to respond to the long overdue discovery.

This was a civil action for money damages brought by a corporate plaintiff. The plaintiff, through the person of Donald Mueller, was forewarned on numerous occasions over many months that the action would be dismissed if the discovery responses were not supplied. The warnings were ignored, and plaintiff effectively abandoned the action. Plaintiff received due notice of the sanctions hearing and arranged for an attorney to attend the hearing to ask for a further delay but not to answer the discovery. Under these circumstances, we cannot see how any fundamental rights of the plaintiff, or of Mr. Mueller for that matter, were infringed. Mr. Mueller's presence at the sanctions hearing, which was not a criminal contempt proceeding against him, was not necessary. The plaintiff's substantive rights in the matter were belied by its own inactivity and outweighed by the procedural delay and substantial prejudice to defendant.

The defendant followed the rules of civil procedure for obtaining discovery sanctions, and we adhered to the common law in imposing an appropriate sanction for the plaintiff's dereliction.