# Beyer v. Epstein

*Stuart W. Kessler,* for plaintiffs.
*Allan H. Starr,* for defendant.

ACKERMAN, *J.,* January 7, 1997—On December 5, 1996, this court entered summary judgment in favor of defendant, Alan L. Epstein M.D., and against plaintiffs, Herbert Beyer and Cleo Beyer, his wife. This appeal followed.

On November 20, 1996 (16 days before this trial on December 6, 1996), plaintiffs filed a petition for extraordinary relief to substitute Dr. Donald Myers for their expert, Dr. Myles Saunders, and to permit Dr. Myers to use his own report.

It will be helpful to set forth in detail this court's reasoning on ruling on the said petition for extraordinary relief as follows:

"This matter has come before this court, preliminarily before trial, on plaintiffs' petition for extraordinary relief filed on November 20, 1996, some four years and 10 months *after* suit was commenced, and one year and 10 months after the deadline for said petition under this court's administrative order no. 8 of 1994, to wit, January 13, 1995, by which plaintiffs request permission of this court to utilize Dr. Donald Myers as plaintiffs' medical expert in the trial scheduled to commence with jury selection on December 6, 1996.

"The defendant has filed his answer to said petition on November 22, 1996, urging *rejection* of plaintiffs' petition and claiming to be severely prejudiced by this eleventh hour changing of experts.

"I must note initially that preclusion of a party's expert witness testimony as a *sanction* for failure to comply with Discovery Rules is authorized under Pa.R.C.P. 4003.5(b). Furthermore, the sanction to be imposed for a *discovery* violation is left to the sound discretion of the trial court. However, since the pre-

clusion of an *expert's* testimony in whole or in part is a drastic *sanction,* it should be imposed only in those situations where the facts of a case make it absolutely necessary to do so, and a trial court is required to balance the equities carefully and preclude expert testimony only where the violation of the Discovery Rules is willful or in bad faith, and the opposing party has been prejudiced.

"To determine whether bad faith on plaintiffs' part was established and whether defendant was prejudiced thereby, one must examine the record. After this action was instituted on January 27, 1992, the plaintiffs' response to the new matter of defendant, Epstein, was filed on December 11, 1992; and the defendant's response to the new matter of defendant, Pennsylvania Hospital, was filed on January 27, 1993. The next docket entry was approximately one year and nine months later (October 18, 1994), when Judge Maier entered two orders *striking* the plaintiffs' answers to expert interrogatories and requiring new and discreet answers to same within 20 days on one order, and 60 days on the other order. No other docket entry was made until January 18, 1995, when defendant, Pennsylvania Hospital, filed a motion for summary judgment. It was not until January 20, 1995, after the time required by Judge Maier to file *discrete* answers to defendants' expert interrogatories had elapsed, and after the *bar date* of January 13, 1995 for petitions for extraordinary relief had run, that the plaintiffs provided the defendants with their expert report of Dr. Myles Saunders; the plaintiffs never did attempt to secure the court's *consent* for additional time to secure their expert witness.

"Nonetheless, this case proceeded and the defendant prepared his defense based upon the expert report of Dr. Saunders. The case was ordered for trial on July 9, 1996, and listed for trial on October 14, 1996; next on November 18, 1996; and, finally, for December 9,

1996. It was not until November 20, 1996 that plaintiffs filed their petition for extraordinary relief.

"In light of this record, this court finds that if it is the intent of plaintiff by his filing to expand upon his theory of recovery as espoused by Dr. Saunders, then the discovery violation by plaintiff was in bad faith and willful; and under such circumstances, the plaintiff is precluded from offering testimony that goes beyond the four corners of Dr. Saunders' expert report. Any contrary holding would result in prejudice to the defendant since there would be a substantial diminution of his ability to properly present his case and to prepare for the upcoming trial.

"On the other hand, if it is merely the plaintiff's intent to substitute Dr. Saunders with Dr. Myers because of the unavailability of Dr. Saunders for this trial, the court will allow the substitution of Dr. Myers since Dr. Saunders' unavailability was due to extenuating circumstances beyond plaintiff's control; but Dr. Myers' testimony will be limited to the *scope* of Dr. Saunders' report as heretofore set forth, and, in this way, *no* prejudice will be suffered by the defendant."

This court entered summary judgment when plaintiffs' counsel conceded on the record, before the jury was sworn, that without the expansion of Dr. Saunders' report, the plaintiffs could not prevail. Plaintiffs' counsel reserved his objection to the denial of his petition for extraordinary relief but, otherwise, could not object to summary judgment being entered against plaintiffs.

In the case of *Adams v. Rossi*, 29 D.&C.4th 11 (1995), Judge Goldman was affirmed by a three-judge panel of the Superior Court in a decision at 452 Pa. Super. 120, 681 A.2d 214 (1996), opinion by Hester, J., in which an action was dismissed for failure to provide names of witnesses until the eve of trial. The Superior

Court reviewed the trial court's reasons for granting the motions in limine which included specific findings of willful discovery violations by the appellant in that case.

In the instant case, just as in the decision of the Superior Court, this court, by denying the plaintiffs' petition for extraordinary relief, effectively precluded plaintiffs from proving their case.

The Superior Court stated its analysis as follows:

"We note initially that dismissal of a complaint as a discovery sanction is authorized under Pa.R.C.P. 4019. *Pride Contracting Inc. v. Biehn Construction Inc.,* 381 Pa. Super. 155, 553 A.2d 82 (1989); see also, *Lawrence v. General Medicine Association Ltd.,* 412 Pa. Super. 163, 602 A.2d 1360 (1992) (judgment of non pros entered against plaintiff for violation of discovery rules); *Miller Oral Surgery Inc. v. Dinello,* 416 Pa. Super. 310, 611 A.2d 232 (1992) (default judgment entered against defendant for discovery violations). Furthermore, the sanction to be imposed for a discovery violation is left to the sound discretion of the trial court. *Miller Oral Surgery Inc. v. Dinello, supra.* However, since dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced. *Pride Contracting Inc. v. Biehn Construction Inc., supra.*

"Under these cases, the following factors are to be weighed: the nature and severity of the discovery violation, the defaulting party's willfulness or bad faith, prejudice to the opposing party, the ability to cure prejudice, and the importance of the precluded evidence in light of the failure to comply.

"As noted, in the present case, the importance of the precluded evidence was crucial in establishing appellant's case. However, the other factors to be applied all weigh heavily against appellant. Since application of the factors militate strongly in favor of the sanction of dismissal, we affirm the trial court's exercise of its discretion." *Id.* at 125, 681 A.2d at 217.

As in the *Adams v. Rossi* case, *supra,* the violations by plaintiffs are most egregious. No expert report *in the first instance* was supplied until the bar date for petitions for extraordinary relief had passed.

In this case, no specific reason was supplied for the unavailability of Dr. Saunders nor were the efforts of plaintiffs' counsel set forth showing that the "unavailability" could not have been determined earlier. Thus, as in *Adams v. Rossi,* no compelling reason was advanced by plaintiffs to explain the delay in discovery or the delay in presenting the petition for extraordinary relief.

This court, as in *Adams v. Rossi,* found that a belated request to expand Dr. Saunders' report was a willful and bad faith effort which would prejudice the defendant on the eve of trial.

Prejudice for purposes of discovery violation is "said to result any time there is a substantial diminution of a party's ability to properly present its case." *McSloy v. Jeanes Hospital,* 376 Pa. Super. 595, 602, 546 A.2d 684, 687 (1988), quoting *Metz Contracting Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 451, 520 A.2d 891, 894 (1987).

Here, as in *Adams v. Rossi,* this court found there was a substantial diminution of defendant's ability to present its defense.

Summary judgment was properly entered and the plaintiffs' petition for extraordinary relief was properly denied as to the expansion of Dr. Saunders' report.