J-A22003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL LEGRANDE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FERNANDO VEGA JR. AND CARL ANOKA JR., | |
| Appellee | No. 2187 MDA 2014 |

Appeal from the Order Entered November 26, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2013 CV 10810

BEFORE:  BOWES, JENKINS, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:  **FILED JANUARY 13, 2016**

Paul Legrande appeals from the dismissal with prejudice of his negligence action as a discovery sanction for his failure to appear for deposition.  After careful review, we reverse.

On January 3, 2012, Fernando Vega, Jr.'s vehicle was involved in an accident with a vehicle driven by Carl Anoka, Jr. in Swatara Township, Dauphin County.  Mr. Legrande was a passenger in Mr. Vega's vehicle.  Mr. Legrande commenced this negligence action against both drivers to recover damages for injuries he allegedly sustained in the accident.

Mr. Vega scheduled Mr. Legrande's deposition for July 18, 2014 at 10:00 a.m.  Counsel for defendant Anoka received the notice of deposition.

---

\* Retired Senior Judge assigned to the Superior Court.

Prior to the scheduled deposition, counsel for Mr. Vega called Plaintiff's counsel to confirm his client's attendance. When Mr. Legrande's counsel advised that he had not received the notice, all counsel cooperated to reschedule the deposition for August 13, 2014. Confirmation of the new date and time was sent via regular mail and facsimile to all counsel. Nonetheless, Mr. Legrande and his counsel failed to appear.

Pursuant to Dauphin County Local Rule 4019(4)(b)(1), which authorizes the filing of a motion for sanctions immediately following a party's failure to appear for a properly noticed deposition, Defendant Vega filed a motion for sanctions on September 2, 2014. On September 10, 2014, the trial court issued a rule upon Plaintiff to show cause why sanctions should not be granted, returnable within ten days. When Mr. Legrande did not file a response to the rule, Mr. Vega moved to make the rule absolute and requested that the case be *non prossed*. The trial court, instead of dismissing the case, issued an order on October 13, 2014, scheduling a conference for November 26, 2014 at 11:30 a.m. When neither Mr. Legrande nor his counsel appeared, the trial court dismissed Mr. Legrande's action with prejudice.

Mr. Legrande filed a timely appeal and complied with the court's order directing him to file a Pa.R.A.P. 1925(b) concise statement of issues complained of on appeal. The trial court issued its opinion on February 11,

2015, and the matter is ripe for our review. Mr. Legrande presents three questions for our consideration:

1. Whether the Trial Court erred in entering an Order dismissing Plaintiff-Appellant's action with prejudice for failure to attend a hearing upon Defendant's Motion for Sanctions where no previous sanctions were ordered, nor misconduct averred.

2. Whether the Trial Court erred in entering an Order dismissing Plaintiff-Appellant's action with prejudice as a discovery sanction, where no notice of hearing was provided to counsel for Plaintiff-Appellant?

3. Whether the Trial Court erred in entering an Order dismissing Plaintiff-Appellant's action with prejudice as a discovery sanction, where Plaintiff-Appellant had previously complied with all applicable Rules of Civil Procedure regarding discovery?

Appellant's brief at 5.[1]

Generally, the imposition and severity of sanctions for a party's failure to comply with discovery is subject to the trial court's discretion. *See Reilly v. Ernst & Young, LLP*, 929 A.2d 1193, 1199 (Pa.Super. 2007). Where, however, the trial court enters a sanction that terminates the underlying litigation, we apply a strict scrutiny standard of review. *Steinfurth v. LaManna*, 590 A.2d 1286 (Pa.Super. 1991); *see also Rohm and Haas Co. v. Lin*, 992 A.2d 132 (Pa.Super. 2010) (holding appellate review stringent where a default judgment is entered as a discovery sanction).

_____

[1] Since Mr. Legrande's issues consist of arguments in support of his larger position that the court's dismissal of the action with prejudice for a discovery violation was improper, we will consider them together.

As this Court recognized in **Stewart v. Rossi**, 681 A.2d 214, 217 (Pa.Super. 1996), "since dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." Our Supreme Court recently reaffirmed in **City of Philadelphia v. FOP Lodge No. 5 (Breary)**, 985 A.2d 1259, 1270 (Pa. 2009), that it "highly disfavor[ed] dismissal of an action . . . as a sanction for discovery violations absent the most extreme of circumstances." It also adopted, for "trial and appellate courts alike," the factors this Court has developed and applied "in determining the general severity and vitality of a discovery sanction." **Id**. Those factors include:

> (1) the prejudice, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice;
>
> (2) the noncomplying party's willfulness or bad faith in failing to provide the requested discovery materials;
>
> (3) the importance of the excluded evidence in light of the failure to provide the discovery; and
>
> (4) the number of discovery violations by the offending party.

**Id**. As our High Court noted in **City of Philadelphia**, **supra**, when the discovery sanction either terminates the action directly or would result in its termination by operation of law, the first two factors assume greater significance.

Implicated herein is Pa.R.C.P. 4019, which governs sanctions, and Dauphin County Local Civil Rules 208.2(e) and 4019 (Discovery). Pa.R.C.P. 4019(a)(1)(iv) provides that the court may enter an appropriate order when:

> a party or an officer, or managing agent of a party or a person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take the deposition;

Pa.R.C.P. 4019(a)(1)(iv). Under Dauphin County Local Rules, when a deponent fails to appear for a duly noticed deposition, a motion for sanctions may be filed immediately. Dauphin County Local Rule 4019(4)(b)(1). The judge to whom the motion is assigned has the option of scheduling a discovery conference or requiring briefs or oral argument. *Id*. at (3)(b)(i)-(iii). After the discovery conference, the judge shall enter an appropriate order disposing of the issues raised in the motion for sanctions. *Id*. at (3)(c). Any other party may file an answer or raise any other discovery dispute not previously raised. *Id*. at (2)(d).

Mr. Legrande contends that the dismissal of his action was not a "punishment which fits the crime" and that the trial court abused its discretion in imposing the most severe sanction for one discovery violation when other less severe sanctions were available. Appellant's brief at 14. He suggests that monetary sanctions or even a judgment of *non pros* would have been more appropriate. Furthermore, Mr. Legrande contends that the

imposition of sanctions inuring to the benefit of defendant Anoka was unwarranted since that defendant did not move for sanctions and the claims against him were distinct.

Mr. Vega contends that the "pattern of discovery misconduct starts from the inception of this case." Appellee Vega's brief at 4. In support thereof, he reiterates the allegations in his motion for sanctions upon which the trial court focused in dismissing the case.[2] Specifically, Mr. Vega points out that Mr. Anoka's preliminary objections were sustained due to Mr. Legrande's failure to file a response and that Mr. Legrande failed to respond to co-defendant Anoka's new matter. In addition, he criticizes Plaintiff's counsel for failing to propound any written discovery or to correspond with defense counsel during the pendency of the suit. As further evidence of Mr. Legrande's misconduct in discovery, Mr. Vega claims that Mr. Legrande filed his responses to interrogatories late and only after notice of intent to seek sanctions. Finally, Mr. Legrande failed to appear twice for his deposition.

We find little support for Mr. Vega's "pattern of abuse" theory. First, Mr. Legrande's pleading deficiencies are unrelated to discovery. Additionally, Plaintiff's failure to avail himself of discovery tools does not constitute misconduct or abuse of discovery. Moreover, Plaintiff's counsel's

---

[2] The court also noted that all pleadings and orders were mailed to Plaintiff's counsel at his business address and that counsel was notified of the hearing on the motion.

lack of communication with defense counsel may be shortsighted but it is not a basis for a discovery sanction. The record reveals that, as to discovery, Defendant Vega filed notice of intent to seek sanctions when Mr. Legrande's answers to interrogatories were four days overdue. Within one week, Mr. Legrande provided responses. This does not constitute abuse of the discovery process for which sanctions would be appropriate.

Furthermore, the record does not support Mr. Vega's contention that Mr. Legrande failed to attend two properly-noticed depositions. Plaintiff's counsel advised defense counsel prior to the July 18, 2014 deposition that he had not received notice of the deposition and would not appear. *See* Deposition, Legrande, 8/13/14, at unnumbered 4. Together they rescheduled Mr. Legrande's deposition for August 13, 2014. Since nothing in the record suggests that the July deposition went forward, we find no support for Mr. Vega's representation that Mr. Legrande failed to appear at that deposition.

It is undisputed, however, that neither Mr. Legrande nor his counsel appeared at the August 13, 2014 deposition and no excuse was offered for their non-attendance. Mr. Vega contends that this discovery violation was willful and without justifiable excuse as Plaintiff's counsel participated in the scheduling of the August 13, 2014 deposition. Furthermore, he maintains that this violation of the discovery rules was severely prejudicial as Mr. Legrande's deposition was imperative to his defense of the lawsuit. He

represents that Mr. Legrande was the person in the best position to observe Mr. Anoka's oncoming vehicle, but that Mr. Legrande's memory of the accident is now impaired due to a second accident while he was a passenger in Mr. Vega's vehicle. Finally, Mr. Vega maintains that Mr. Legrande, as the Appellant, failed to order a transcript of the sanctions hearing, and thus, the record is incomplete. He contends that this appeal should be dismissed on that basis.[3] Pa.R.A.P. 1911(d).

Even assuming Plaintiff's failure to appear at the August 13, 2014 deposition was willful and unjustified, absent herein are the extreme circumstances and prejudice required in order to dismiss an action for a discovery violation. Mr. Vega's claims of Mr. Legrande's impaired recollection are unsupported by the certified record. Furthermore, in order to show prejudice, Mr. Vega would have to establish that if the deposition had proceeded as scheduled on August 13, 2014, Mr. Legrande's ability to recall would have been intact and beneficial. On the record before us, these claims of prejudice are without support. We note further that this lawsuit was still in the early stages and there were opportunities to reschedule Mr. Legrande's deposition and cure any prejudice. Finally, even viewing the

---

[3] In Plaintiff's notice of appeal, Counsel represented that there was no transcript of any court proceeding in this matter pursuant to Pa.R.A.P. 1911. **See** Request for Transcript, 12/24/14, at 1. It is unclear from the certified record whether the November 26, 2014 proceeding, which was referred to both as a conference and a hearing, was transcribed.

averments in the motion for sanctions as true, we find no evidence that Plaintiff's failure to attend the scheduled deposition was motivated by bad faith.[4] Since we find that dismissal was too severe a sanction for Mr. Legrande's failure to attend his deposition on August 13, 2014, we reverse and remand for further proceedings.

Nonetheless, some sanction is appropriate. Thus, we will address Mr. Legrande's contention that since Mr. Anoka did not file a motion seeking sanctions, he was not entitled to sanctions.[5] Mr. Anoka calls this contention "absurd" and insists that he was involved in the litigation and the first party to file preliminary objections. He maintains that he did not initiate discovery in the interest of avoiding duplication. However, he cooperated to schedule Mr. Legrande's August 13, 2014 deposition, prepared to attend and participate, and appeared. Counsel for Mr. Anoka avers that he and counsel for Mr. Vega agreed that the latter would file a motion for sanctions to avoid duplicative effort. He represents that at the conference on November 26, 2014, he advised the court that he sought the same relief as that requested

---

[4] Counsel for Plaintiff attached an affidavit to the brief filed with this Court purporting to explain Mr. Legrande's failure to respond to the rule to show cause and appear at the November conference. This Court is not permitted to consider matters that are not included within the certified record.

[5] Had Mr. Legrande identified this as error in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, the trial court likely would have addressed specifically whether Mr. Anoka was entitled to sanctions in its Rule 1925(a) opinion.

in Mr. Vega's motion for sanctions. Again, these representations are not supported by the certified record.

We find merit in Mr. Legrande's contention that, pursuant to Pa.R.C.P. 4019, discovery sanctions are limited to those parties who sought such sanctions. *See Lawrence v. General Medicine Ass'n., Ltd.*, 602 A.2d 1360 (Pa.Super. 1992); *Smith v. Philadelphia Gas Works*, 740 A.2d 1200 (Pa.Cmwlth. 1999) (holding effect of trial court's dismissal of case against all seven defendants was the *sua sponte* imposition of a discovery sanction in favor of parties who did not file such motions or formally adopt or join in a co-defendant's motion) (quoting *DeMarco v. Borough of East McKeesport*, 556 A.2d 977, 979 (Pa.Cmwlth. 1989) ("nothing in Pa. R.C.P. No. 4019 intimates that a court may impose sanctions in favor of non-moving parties")). The certified record and the trial court opinion are silent as to whether Mr. Anoka formally joined in or adopted Mr. Vega's motion for sanctions. Since we are remanding for further proceedings, including the imposition of an appropriate discovery sanction, the trial court may impose sanctions in favor of Mr. Anoka if indeed he did seek sanctions.

In sum, Mr. Legrande failed to appear for his August 13, 2014 deposition. He did not violate a court order in doing so. Nonetheless, Mr. Vega, and perhaps Mr. Anoka, is entitled to reasonable sanctions. A reasonable sanction for such a violation would usually consist of attorney's fees and costs incurred in attending the deposition, as well as the costs and

fees of prosecuting the motion for sanctions. We find no circumstances or prejudice to justify the harsh sanction of dismissal. Hence, we reverse and remand for the imposition of reasonable sanctions and further proceedings consistent with this Memorandum.

Order reversed and remanded. Jurisdiction relinquished.

Judge Platt joins this memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2016