517 A.2d 1293

**Angelo BROPHY and Carol Brophy, Individually and as Husband and Wife, Appellants,**

v.

**Hernan BRIZUELA, M.D., Mihan Maani, M.D., Roopali Bhattacharjee, M.D. and Episcopal Hospital.**

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Oct. 1, 1986.

Reargument Denied Dec. 8, 1986.

Andrea B. Witten, Philadelphia, for appellants.

John T. Quinn, Philadelphia, for Maani, appellee.

Anne T. Hopkins, Philadelphia, for Bhattacharjee, appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

In this appeal from the order granting summary judgment we are asked to decide two intertwined issues. First, we are asked to decide whether the trial court abused its discretion in imposing a sanction excluding the use of any expert testimony pertaining to the subject matter of the interrogatories due to Appellants' failure to answer the interrogatories after a court order to do so. Secondly, we are asked to consider whether this exclusion is a proper ground for granting summary judgment in a medical malpractice case since Appellants are unable to have the benefit of the expert testimony.

On December 30, 1982, Appellants, Angelo and Carol Brophy, filed a complaint in trespass and assumpsit against Appellees seeking damages for Appellees' allegedly negligent performance of a bilateral tubal ligation. Appellants base their claim on the fact that Appellees performed a tubal ligation on Carol Brophy and she subsequently became pregnant. Appellees are Dr. Hernan Brizuela, Dr. Maani and Dr. Roopali Bhattacharjee, a resident physician. Dr. Maani was the attending physician who actually performed the tubal ligation.

On October 10, 1984, Appellee Maani served expert interrogatories upon Appellants. After failing on numerous occasions to have Appellants answer these expert interrogatories, on May 22, 1985, Appellee Maani filed a motion for further sanctions against Appellants on the basis of their failure to answer the expert interrogatories. On July 2, 1985, the court below issued an order precluding Appellants from introducing any testimony or evidence pertaining to the subject matter of the expert interrogatories (as to Appellee Maani only).

On August 13, 1985, Appellee Maani filed a motion for summary judgment. On September 13, 1985, Appellants filed a petition for reconsideration of the court's order of July 2, 1985. The petition was denied on October 16, 1985. On December 3, 1985, the lower court granted appellee Maani's motion for summary judgment. This appeal followed, on December 27, 1985. Along with Appellants' appeal of the summary judgment in favor of Appellee-Maani, Appellee-Bhattacharjee filed a brief contending that Maani should not be dismissed from the case.

■ The imposition of sanctions, is within the discretion of the trial court. *Pompa v. Hojancki*, 445 Pa. 42, 281 A.2d 886 (1971); *Crance v. Sohanic*, 344 Pa.Super. 526, 530, 496 A.2d 1230, 1232 (1985). A reading of the Pennsylvania Rules of Civil Procedure pertaining to the discovery of expert testimony shows that these sanctions include the exclusion of expert testimony after failure to disclose the nature of this testimony pursuant to a discovery order. Rule 4003.5 of the Pennsylvania Rules of Civil Procedure, provides in pertinent part:

> (b) If the identity of an expert witness is not disclosed in compliance with subdivision (a)(1) of this rule, he shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief.

Pa.R.C.P. § 4003.5(b). In *Kaminski v. Employers Mutual Casualty Co.*, 338 Pa.Super. 400, 487 A.2d 1340 (1985), this Court held that absent extenuating circumstances, Pa.R.C.P. § 4003.5(b) is a rule of mandatory preclusion, at trial, of the testimony of an undisclosed expert witness. *Id.*, 338 Pa.Superior Ct. at 407, 487 A.2d at 1344.

■ In granting the motion for sanctions, the trial court relied on Rule 4019(c)(2) of the Pennsylvania Rules of Civil Procedure. Rule 4019(c)(2) provides:

(c) The court, when acting under subdivision (a) of this rule may, make

. . .

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

*Id.* This rule permits the imposition of sanctions, that the trial court deems appropriate, when, as in this case, a motion for sanctions is filed after a party fails to serve answers, sufficient answers or objections to written interrogatories. Pa.R.C.P. 4019(a)(1)(i). While we note that Rule 4003.5(b) may be read to be limited to the disclosure of the identity of the expert, Rule 4019(c)(2) is not. Either way, prior to the imposition of the sanctions, Appellants had failed to both disclose the identity of their expert and the substance of his testimony. Not only did they fail to disclose, but they also failed to either properly object to the interrogatories, Pa.R.C.P. § 4019(a)(1)(i), or provide an explanation as to why the failure to disclose was the result of extenuating circumstances beyond their control. Pa.R.C.P. 4003.5.(b). This is clearly an example of too little, too late.

On October 10, 1984, Appellee Maani served expert interrogatories upon Appellants. On February 15, 1985, Maani filed a motion to compel Appellants to answer the expert interrogatories. On March 19, 1985, the court below issued an order directing Appellants to answer the expert interrogatories within thirty days. On May 22, 1985, Maani filed a motion for further sanctions against Appellants for their failure to answer the expert interrogatories. On July 2, 1985, nine months after the interrogatories were served, and four months after the court below ordered Appellants to answer the interrogatories, the court below issued an order excluding evidence of any testimony pertaining to the subject matter of the expert interrogatories. Not only is this a long delay, but it is also inadequately explained, and no objections to the interrogatories were raised. Rule

4003.5.(b) requires a showing of extenuating circumstances beyond the control of the defaulting party before the court will grant appropriate relief. The only explanation offered by Appellants is that they had difficulty in locating an expert. They make no showing of what efforts they took towards procuring an expert, nor any showing of extenuating circumstances beyond their control. We find no abuse of discretion in the trial court's granting these sanctions.

In reviewing an appeal from an Order granting a Motion for Summary Judgment, this Court, in *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983), stated:

> Summary judgment is appropriate only in those cases which are clear and free from doubt. Since the moving party ... has the burden of proving that no genuine issues exist as to any material facts, we must examine the record in the light most favorable to the non-moving party. In so doing, we accept as true all well-pleaded facts in appellant's pleadings and give him the benefit of all reasonable inferences to be drawn, therefrom. We are not limited to the pleadings in determining whether summary judgment was properly entered. Rather, we also consider depositions, answers to interrogatories, admissions on file, and affidavits, if any, in our search for issues of material facts. Pa.R.C.P. No. 1035.

*Id.*, 315 Pa.Superior Ct. at 138, 461 A.2d at 835. (citations omitted).

■ The general rule in a medical malpractice case is, in order to establish the standard of care, expert testimony is required. *Brannan v. Lankenau Hospital,* 490 Pa. 588, 417 A.2d 196 (1980). There is an exception to this rule, however, where the matter is so simple, and the lack of skill or want of care is so obvious, as to be within the comprehension of non-professional persons.

■ Appellants correctly assert that *res ipsa loquitur* is applicable in a medical malpractice action. *Jones v. Harrisburg Polyclinic Hospital, et al.,* 496 Pa. 465, 437 A.2d 1134 (1981). *Starr v. Allegheny General Hospital,* 305 Pa.Super. 215, 451 A.2d 499 (1982). However, in viewing the

facts in the light most favorable to Appellants, the record clearly reveals that even if the surgery was performed properly, there was still a chance of subsequent pregnancy. Thus, even though the determination of negligence remains a jury issue, in this instance the doctrine of *res ipsa loquitur* is not applicable because there is not sufficient evidence to eliminate other reasonable causes beyond the alleged negligence of the Appellee.

■ Thus, it becomes clear that Appellants are not able to establish a critical element of negligence action for medical malpractice; that of a deviation from the required standard of care. Accordingly, the trial court properly granted Appellee Maani's Motion for Summary Judgment.

Finally, Appellee-Bhattacharjee's contention that Maani not be dismissed from this case fails. These issues were not raised in the court below, and this Court cannot consider these contentions because they are not properly before us. Accordingly, this claim is waived. *See Morgan v. Sbarbaro*, 307 Pa.Super. 308, 453 A.2d 598 (1982).

Order affirmed.