## Bell v. Georgy

*Charles J. McKelvey,* for plaintiff.
*Peter J. Curry,* for defendant.

RAUP, *P.J.,* September 11, 1990—Before the court is a motion for summary judgment filed by defendant in a case arising out of what is alleged to have been a failed sterilization procedure (tubal

ligation) which was performed on December 19, 1980. Despite the procedure, plaintiff Mary E. Bell gave birth to a healthy baby girl on May 5, 1982, approximately 16 months after the operation.

Plaintiff is allegedly afflicted with thrombotic thrombocytopenic pupura (TTP), a disease which complicates pregnancy and threatens the life and health of its victim during pregnancy. Between October 19, 1980 and November 7, 1980, during the 20th week of pregnancy, plaintiff was hospitalized at the Williamsport Hospital for TTP, which almost caused plaintiff's death and resulted in the stillbirth of her 22-week-old fetus. As a result of plaintiff's TTP, plaintiff was advised by Susan Judson, M.D., to prevent future pregnancy because of the possible reoccurrence of TTP and its life-threatening risks, with future pregnancy, to both plaintiff and the fetus.

Plaintiff thereafter consulted with defendant, Farouk M. Georgy, M.D., concerning sterilization to avoid the severe health hazards and emotional anxiety she would sustain with future pregnancy. Plaintiff asserts that Georgy expressly represented to Bell that surgery would immediately and permanently render plaintiff sterile and she would be unable to conceive thereafter. In addition to these alleged oral representations, plaintiff and defendant entered into a written agreement on December 19, 1980 wherein defendant Georgy agreed to perform an operation for the following purposes: "Laparoscopy, occlusion of the fallopian tubes to prevent future pregnancy and laparotomy, if needed."

On December 11, 1980, plaintiff and defendant signed an agreement in writing wherein defendant specifically contracted "to cut plaintiff's fallopian tubes which carry the egg from the ovary to the uterus to tie these fallopian tubes or coagulate them

(sealed by burning) so that the egg could no longer pass through."

Subsequent to plaintiff giving birth to a healthy baby girl a suit was initiated by the filing of a writ of summons on or about February 7, 1984.

Plaintiff's complaint was comprised of four counts. They set forth actions based in negligence, breach of contract and breach of warranty, as well as a claim for punitive damages. Preliminary objections were filed in response to the breach of contract and breach of warranty actions as well as the punitive damage claim. Preliminary objections were sustained by this court on counts 2, 3 and 4, relating to a breach of contract, breach of express warranties and punitive damages. Plaintiff filed an amended complaint, including a negligence action, breach of contract and breach of express warranties counts.

Defendant notes that pursuant to 40 Pa.C.S. §1301.606 a physician neither guarantees nor warrants a cure or the result of his treatment in the absence of a special contract in writing wherein he guarantees or warrants the successful outcome of the physician's care. Defendant asserts that plaintiff's complaint contains no reference to such a special contract, nor was one attached to plaintiff's complaint as required by Pennsylvania Rule of Civil Procedure 1019(h). Rather, plaintiff refers to the Williamsport Hospital consent sheets and consent document for sterilization procedure as the special contract referred in 40 Pa.C.S. §1301.606. Based on the allegation that plaintiff has failed to present any "special" guarantee contract, defendant motions this court for grant of summary judgment in its favor with respect to the second and third counts of plaintiff's amended complaint relating to breach of contract and breach of express warranties.

146

Defendant is further requesting that plaintiff's professional negligence action be dismissed for lack of the requisite supporting expert testimony, and that plaintiff's informed consent action be dismissed for lack of supporting expert testimony. In the alternative, defendant argues that as a matter of law, plaintiff was provided with information which a reasonable person in the same circumstances would expect to receive.

Pennsylvania law requires that in the absence of a special contract in writing, a health care provider is neither a warrantor nor a guarantor of a cure. 40 Pa.C.S. §1301.606. Defendant asserts that plaintiff had submitted the consent document for sterilization procedure as the special contract in writing pursuant to 40 Pa.C.S. §1301.606. Defendant notes that paragraph 3 of the consent document for sterilization procedure provides as follows:

"It has been explained to me that in a very small number of cases the operation is not successful and that I could become pregnant so that I understand the result is not guaranteed."

Plaintiff argues that the typed statement was not the only writing as to a guarantee. In addition, on the consent to operation agreement is a written statement by Dr. Georgy that the operation was "for the purposes of laparoscopy, occlusion of the fallopian tubes to *prevent future pregnancy* and laparotomy, if needed." (emphasis supplied) Plaintiff asserts that this written statement adds ambiguity into the consent to operation and the consent to sterilization procedure agreement. We disagree. Contrary to plaintiff's assertion, the two provisions are compatible and do not add ambiguity to the complaint. The handwritten provision simply details the goals of the operation to perform a "laparoscopy, occlusion of the fallopian tubes to prevent future

pregnancy and laparotomy, if needed." The handwritten provision does not constitute a guarantee of the success of the operation. Accordingly, we grant defendant's motion for summary judgment on this issue.

Defendant next argues that plaintiff's professional negligence claim should be dismissed for lacking supporting expert testimony. Defendant contends that plaintiff's professional negligence action actually sets forth a lack of informed consent theory of liability, that the law of Pennsylvania requires expert testimony in medical malpractice cases where the treatment of a patient's condition is such that the attendant risks and the consequent injury are not matters within the experience of laymen, that plaintiff has failed to respond to interrogatories requiring the identity of plaintiff's anticipated expert witness and therefore plaintiff should not be allowed to call an expert witness and accordingly that plaintiff cannot, as a matter of law, meet his burden of proof. Plaintiff, while not addressing whether an expert witness is necessary, asserts that the professional negligence claim includes not only a lack of informed consent theory of liability, but also includes allegations that the doctor performed the operation negligently by failing to cut the fallopian tube.

Under Pennsylvania law, in a medical malpractice case expert testimony is ordinarily essential to establish that the treatment rendered was not in accord with acceptable standards of medical practice and that the injury complained of was proximately caused by the improper treatment. "The only exception to the necessity of producing expert testimony in support of a claim of medical malpractice exists where the matter under investigation is so simple, and the lack of skill so obvious as to be within the range of ordinary experience and com-

prehension of even non-professional persons." *Cipriani v. Sun Pine Line Co.,* 393 Pa. Super. 471, 488, 574 A.2d 706, 715 (1990); *Brophy v. Brizuela,* 358 Pa. Super. 400, 517 A.2d 1293 (1986). As the negligence alleged by plaintiff does not come under that exception, plaintiff will be required to provide expert testimony on the issue of negligence and provide defendant's counsel with the identification of those experts. Failure to do so will result in a partial summary judgment in favor of defendant on this issue. Accordingly, plaintiff will have 90 days to answer defendant's interrogatories as to the identifications of an expert witness on the issue of negligence.

Finally, defendant argues that plaintiff's informed consent claim should be dismissed for a lack of supporting expert testimony. The Superior Court considered this issue in *Festa v. Greenberg,* 354 Pa. Super. 346, 511 A.2d 1371 (1986). In *Festa,* the Superior Court noted that it is well established in Pennsylvania that in informed consent cases expert testimony is not necessary to establish the medical community's standard of disclosure. The court reiterated that " '[t]here is no need to extend the requirement of expert testimony into areas where no technical expertise is necessary.' " *Id.* at 356, 511 A.2d at 1376.

However, expert testimony is needed to establish "the nature of the risks of a proposed medical treatment, the frequency with which those identified risks occur, the nature of available alternative methods of treatment and the feasibility of those alternatives for the particular patient." *Id.* at 356, 511 A.2d at 1376. Put plainly, Pennsylvania requires expert testimony to establish the existence and degree of medically technical risks of which an average juror has no knowledge. Accordingly, plaintiff will have

90 days to submit to the defendant answers to interrogatories giving the requisite expert testimony as to the existence and degree of the risk of the operation. Failure to do so will result in partial summary judgment in favor of defendant.

## ORDER

And now, September 11, 1990, for the reasons set forth in the foregoing opinion, it is hereby ordered and directed that defendant's motion for summary judgment as to plaintiff's breach of contract and breach of warranty claims is granted; plaintiff will have 90 days to answer expert interrogatories on her negligence and lack of informed consent theories of liability. Failure to do so will result in the entry of summary judgment on those theories.