## Winter v. Levin

C.P. of Lancaster County, no. CI-99-09754.

*Charles R. Winter,* pro se.
*Brad M. Rostolsky,* for defendant.

CULLEN, *J.,* March 24, 2004—Before the court for disposition is the motion of Richard M. Levin M.D., defendant, for sanctions due to the failure of Charles R.

Winter, plaintiff, to comply with the court's order of October 9, 2003, directing plaintiff to produce expert witness reports. For the reasons stated below, defendant's motion will be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

This medical malpractice action was commenced on September 21, 1999, when plaintiff, acting pro se, filed a praecipe for writ of summons.

On January 26, 2000, plaintiff, now represented by counsel, filed a complaint to which defendant filed preliminary objections on February 11, 2000. Plaintiff filed an amended complaint on February 25, 2000, and defendant filed preliminary objections on March 16, 2000.

On March 20, 2000, plaintiff's counsel filed a praecipe to reinstate the writ of summons. The writ was served by the sheriff of Lancaster County on March 29, 2000.[1]

On April 3, 2000, plaintiff's counsel filed a second amended complaint and on April 18, 2000, defendant filed an answer.

On September 25, 2000, defendant filed a motion for summary judgment which was granted on December 7, 2000.[2]

---

1. The opinion of the Superior Court in this matter, *Winter v. Levin,* no. 31 MDA 2001, July 26, 2001, reflects that plaintiff initially served the writ of summons on defendant by certified mail on September 22, 1999. *Id.* at 2.

2. The court granted summary judgment on the basis that the statute of limitations barred plaintiff's claim since the statute was not tolled due to plaintiff's failure to make a good faith effort to properly serve the writ of summons.

Plaintiff took an appeal and on July 26, 2001, the Superior Court reversed the decision granting summary judgment to defendant.[3] *Winter v. Levin,* no. 31 MDA 2001, July 26, 2001. Defendant's petition for allowance of appeal was denied by the Supreme Court on January 10, 2002.

On December 26, 2002, defendant filed a motion to compel plaintiff to produce expert reports. Plaintiff failed to respond, and on May 22, 2003, the court entered an order directing him to file a response to defendant's interrogatories and request for production of documents within 60 days identifying plaintiff's expert witnesses and providing copies of their reports.

Plaintiff took no action to comply with this order,[4] and on July 30, 2003, defendant filed a motion for sanctions. Correspondence to the court from both parties followed, and a conference was scheduled by the court in an attempt to resolve the issue. After the conference, the court entered an order on October 9, 2003, directing plaintiff to produce expert reports in support of his allegations against defendant within 30 days. The order further provided that if plaintiff again failed to comply, the court would address the motion for sanctions.

On November 7, 2003, plaintiff filed his response to the court's order.

---

3. While the appeal was pending, plaintiff's counsel filed a praecipe to withdraw and plaintiff resumed representing himself.

4. In mid July, plaintiff wrote to the court directly regarding this case and requested a continuance due to ill health. Copies of the letters were forwarded by the court to defendant's counsel and plaintiff was told to cease ex parte contact.

Dissatisfied with plaintiff's response, defendant filed a second motion for sanctions on November 14, 2003, based upon plaintiff's failure to comply with the order of October 9, 2003. Plaintiff responded to this motion by stating that he filed his "brief "[5] with the prothonotary in a timely manner.

The prothonotary thereafter referred the motion to the court for disposition.

In his second amended complaint, plaintiff alleges that he was suffering from elastosis of the neck and that defendant performed surgery known as a neck lift to correct this condition on December 1, 1997. Plaintiff contends that defendant caused permanent scarring due to defendant's use of a rigid drain which substantially disfigured and damaged the appearance of plaintiff's face and neck.

Further, plaintiff alleges that he was not informed that permanent disfigurement was a risk of surgery and, therefore, he did not provide informed consent to the procedure.

In order to prepare his defense, defendant served plaintiff with interrogatories and a request for production of documents[6] on February 15, 2000. Plaintiff's answer was submitted on March 26, 2000. The pertinent questions and answers from the interrogatories are reproduced below:

5. The docket does not reflect that plaintiff filed a brief in opposition to the motion for sanctions. It appears that the reference to a "brief " is to plaintiff's filing of November 7, 2003.

6. Copies of these interrogatories and the request for production of documents together with plaintiff's answer are attached to defendant's motion for sanctions as exhibits A and B.

"(34) Please identify all experts whom plaintiff expects to call at the time of trial.

"Expert has not yet been identified

"(35) Pursuant to Pennsylvania Rules of Civil Procedure 4003.5(a)(1)(b), please state the substance of the facts and opinions to which plaintiff's expert will testify and a summary of the grounds for each opinion. The facts, opinions and grounds of the expert may be contained in an expert report which may be attached. Such expert's answer to this interrogatory should be signed by plaintiff's expert.

"see no. 34."

The request for production of documents sought related items. The relevant requests and answers are as follows:

"(4) Reports from any and all experts who are expected to testify at trial.

"Answer: Plaintiff has not yet identified experts who are expected to testify. . . .

"(6) A copy of all curriculum vitaes of any experts which you intend to call as an expert witness at the time of trial.

"Answer: See answer to no. 4"

More than two years after the initial request for this information, on December 26, 2002, defendant filed a motion to compel plaintiff to produce any expert reports.[7] Plaintiff failed to respond to the motion, and on May 22,

---

7. A copy of the motion to compel is attached to defendant's current motion as exhibit D.

2003, the court ordered him to file a response to the interrogatories and request for production within 60 days.

Defendant filed a motion for sanctions on July 28, 2003, after plaintiff failed to respond. Because plaintiff was representing himself, the court held a conference to address the need to provide discovery which had been requested approximately three and one-half years earlier. The result of the conference was an order entered October 9, 2003, directing plaintiff to produce expert reports within 30 days.

On November 7, 2003, plaintiff sent a handwritten letter to the court which states in pertinent part:

"This is in reply to your order of October 9, 2009 [sic]

"I did not remember, but the attorney that I had prior to the appeal had obtained an expert service who came to the following conclusion:

" 'The most severe omission is that Dr. Levin is not able to produce preop pictures taken preop to the cosmetic procedure of the neck lift below the Adams apple.' Dr. Hans Wolfgang Losken." [8]

Based on plaintiff's response, defendant filed the pending motion for sanctions.

## DISCUSSION

To prevail in a medical malpractice action, the plaintiff must establish "(1) a duty owed by the physician to the patient, (2) a breach of duty from the physician to the patient, (3) that the breach of duty was the proximate

---

8. A copy of the entire letter is attached to the motion to compel as exhibit G.

cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) damages suffered by the patient that were a direct result of that harm." *Mitzelfelt v. Kamrin,* 526 Pa. 54, 62, 584 A.2d 888, 891 (1990). The plaintiff is required to present an expert witness who will testify, to a reasonable degree of medical certainty, that the acts of the defendant physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered. *Id.*[9]

Defendant's initial request was made approximately four years ago and, despite two court orders, plaintiff has failed to comply.

Rule 4019 allows for the imposition of sanctions if a party fails to comply with an order relating to discovery. Pa.R.C.P. 4019. Actions for which sanctions may be imposed include failing to serve answers or sufficient answers to interrogatories, Pa.R.C.P. 4019(a)(1)(i), and failing to make discovery or to obey a court order respecting discovery. Pa.R.C.P. 4019(a)(1)(viii). Sanctions may include an order prohibiting the disobedient party from introducing into evidence designated documents, things or testimony. Pa.R.C.P. 4019(c)(2). This would include an order excluding the testimony of an expert witness. *Dion v. Graduate Hospital of University of Pennsylvania,* 360 Pa. Super. 416, 520 A.2d 876 (1987); *Brophy v. Brizuela,* 358 Pa. Super. 400, 517 A.2d 1293 (1986).

---

9. An exception to the general rule exists when "the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Hightower-Warren v. Silk,* 548 Pa. 459, 463 n.1, 698 A.2d 52, 54 n.1 (1997) (citing *Jones v. Harrisburg Polyclinic Hospital,* 496 Pa. 465, 471, 437 A.2d 1134, 1137 (1981)).

The information provided by plaintiff on November 7, 2003, is not an adequate response to the court's order of October 9, 2003, which directed plaintiff to produce expert reports in support of his allegations against defendant. Rule 4003.5 dealing with discovery of expert testimony allows the responding party to answer interrogatories by stating the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion or to file the report of the expert as the answer or to have the interrogatories answered by the expert. Pa.R.C.P. 4003.5(a) (1)(b). The answer or report must be signed by the expert. *Id.*

In the present case, the response is not signed by the expert.[10] This, however, is not the only deficiency. The response states only one opinion, *i.e.,* defendant is unable to produce preoperative photographs. The expert does not state why this omission is significant or how, if at all, it relates to defendant's alleged use of a rigid drain. Further, the response does not attribute the claimed disfigurement of plaintiff's face and neck to the use of a rigid drain or to any other cause. There is no reference whatsoever to any breach of the standard of care or any expert opinion with respect to causation of the harm of which plaintiff complains. The response, if intended as an expert report, is virtually worthless in providing evidence to establish the elements of plaintiff's cause of action.

---

10. Since plaintiff has failed to supply the curriculum vitae of his expert witness which was sought in the request for production of documents, there is no way to determine if the witness referred to in plaintiff's response meets the criteria for expert testimony contained in the MCARE Act, 40 Pa.C.S. §1303.512. At the conference in October 2003, the court explained to plaintiff the importance of complying with the statutory criteria for expert testimony.

By providing only this brief statement attributed to Dr. Losken, plaintiff has failed to produce expert reports in support of his allegations against defendant as ordered by the court on October 9, 2003.

The violation of the court's order is clear and requires a determination of the sanction to be imposed. Defendant's discovery requests have been outstanding for approximately four years. Defendant's first motion to compel plaintiff to provide this discovery was filed in December 2002. Despite two court orders directing him to do so, plaintiff has yet to answer expert witness interrogatories or produce expert witness reports.

The court has no confidence that plaintiff will provide the requested discovery even if given another opportunity. In his most recent correspondence, plaintiff continues to dwell on the issue of service of the writ of summons which was decided in his favor by the Superior Court in July 2001. The Supreme Court declined to review this decision in January 2002. Plaintiff also keeps reiterating his desire for his "day in court" without any apparent appreciation of the fact that defendant is entitled to his day in court as well and that the Rules of Civil Procedure allow defendant the opportunity to prepare adequately for this event.

Plaintiff's failure to produce the specified discovery has caused unnecessary delay in the resolution of this case and has precluded defendant from preparing his defense to the allegations in the second amended complaint. Although plaintiff is acting pro se, this status is not a justification for disregarding discovery orders to the prejudice of the opposing party who is represented by counsel.

Plaintiff has had more than ample opportunity to provide the information requested and has not done so. Moreover, the November 7, 2003 letter indicates that plaintiff has devoted no effort to obtaining an expert report or answers to expert witness interrogatories since his counsel withdrew from representation in March 2001.

Under these circumstances, the court concludes that the appropriate sanction is an order precluding plaintiff from introducing any expert testimony which should have been disclosed as directed by the court's order of October 9, 2003. This sanction is warranted because plaintiff has failed to make a good faith effort to comply with the court's order and has not offered a credible explanation for his failure. There is no reason to believe that plaintiff will comply if granted additional time. Defendant has been prejudiced by plaintiff's failure to comply in that the case has been delayed unnecessarily and defendant has been unable to prepare his defense. This unfair prejudice will increase if defendant is forced to trial without any showing that plaintiff can present sufficient evidence to establish a prima facie case. Accordingly, the court enters the following:

## ORDER

And now, March 24, 2004, the motion for sanctions of defendant, Richard M. Levin M.D., is granted. Plaintiff, Charles R. Winter, is precluded from offering in evidence at trial any expert testimony or other evidence which should have been provided to defendant pursuant to the court's order of October 9, 2003.