546 A.2d 684

**Joseph McSLOY and Patricia A. McSloy, Appellants,**

**v.**

**JEANES HOSPITAL, Dr. Michael Lewitt, Stewart Miller and Dr. Venerandao Jaurigue, Appellees.**

Superior Court of Pennsylvania.

Argued June 22, 1988.

Filed Aug. 22, 1988.

Francis X. Nolan, Philadelphia, for appellants.

Barbara A. Magen, Philadelphia, for Jeanes Hospital, appellees.

Felice M. Quigley, Philadelphia, for Jaurigue, appellee.

Before MONTEMURO, POPOVICH and MELINSON, JJ.

MONTEMURO, Judge:

Appellants, Joseph and Patricia McSloy, appeal from the dismissal of their medical malpractice action and entry of non pros for their failure to identify expert witnesses and

answer expert witness interrogatories as directed by the trial court. We affirm.

The facts leading up to the dismissal of appellants' cause of action are thoroughly set forth in Opinion of the Honorable Bernard J. Avellino as follows:

On November 2, 1981, Joseph McSloy burned his ankle in an industrial accident and was taken to Jeanes Hospital where he received outpatient care. He was unhappy with his care and, on November 11th, he went to a different hospital where skin graft surgery was performed.

Almost two years later, in September of 1983, he filed this lawsuit charging that certain physicians at Jeanes Hospital were negligent in diagnosing and treating his burns. He claimed that this negligence caused his wound to become infected and require surgery. The surgery, meanwhile, has left him with a permanent scar.

The defendants independently served expert witness interrogatories upon the plaintiff on May 29th and July 12, 1985. Plaintiff did not respond and then ignored a motion to compel answers, which was later filed. As a consequence, Judge Hill entered a routine order directing plaintiff to answer the interrogatories within thirty days or risk sanctions. This order was entered on February 28, 1986.

Plaintiff ignored this order and, on April 7th, the defendants filed a motion for sanctions. Plaintiff responded to this motion, in part, by providing a candid, but useless, answer to the expert interrogatories. The answer he provided is one that is authorized by law, and is commonly referred to as a *"Royster* response."[1] Moreover, he answered the motion, itself, by raising a question which he framed as follows:

---

1. "The plaintiff has not retained an expert. [He] stipulates, pursuant to Pa. R.C.P. 4007.4(1) that [he] will seasonably supplement this response with the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of the testimony as required by Rule 4003.5(a)(1)." *See Royster v. McGowen Ford, Inc.,* 294 Pa.Super. 160, 439 A.2d 799 (1982).

598

At what point does the expert and the expert's report have to be revealed to opposing counsel?

Plaintiff went on to answer his own question by suggesting that he had the right to postpone answering expert witness interrogatories until such time as the defendants could demonstrate that all four factors described in *Gill v. McGraw Electric Co.*, 264 Pa.Super. 368, 399 A.2d 1095 (1979), were present and justified an extreme sanction like preclusion. If that meant the eve of trial, so be it.

More important, plaintiff explained that he was mindful of his duty to supplement his *Royster* response, and implied that he would do just that within a reasonable period of time. Judge Hill, in turn, denied defendants' motion for sanctions without prejudice, and invited the defendants to resubmit it "... if [plaintiffs'] answers have not been supplemented as required under Rule 4007.4(1), or have not been provided within a reasonable time, *it appearing that this action was started more than three years ago* " (Italics ours.)

Judge Hill's order was entered on May 5, 1986. Defendants waited, but plaintiff did not supplement his answers to their expert witness interrogatories. Finally, on November 17, 1986, they resubmitted their motion for sanctions, suggesting that the reasonable period of time which Judge Hill authorized had since expired.

Plaintiff responded to this motion, in part, by asking yet another question.

Does a defendant have the right to dictate the time frame within which the plaintiff must hire an expert?

Meanwhile, we had assumed Judge Hill's duties as Supervising Judge of Discovery. As a result, this motion for sanctions was presented to us. After reviewing the motion and answer, we decided that some sanction was likely and, by interim order dated December 16, 1986, scheduled a hearing for the purpose of determining an appropriate one.[2] The hearing took place on January 5, 1987, and

2. The "punishment must fit the crime." *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338, 1341 (1979). *See also,*

was transcribed. The notes are part of the record in this case.

At the hearing, plaintiffs' counsel told us that he had made no effort to retain an expert. He said that his client told him early on that some doctor had expressed the view that there had been carelessness. Before beginning this lawsuit, counsel attempted to speak with this physician, and encountered what he described as, "a conspiracy of silence." Otherwise, nothing was done to obtain the services of a medical expert.

We decided that preclusion of expert testimony was the appropriate sanction, and offered an explanation of our reasons on the record. (N.T. page 8.) At this point, plaintiffs' counsel made an oral application that we "reconsider" our order. He urged us to give him another thirty days. We responded as follows:

> Court: "Are you telling me you can get an expert in thirty days?"
>
> Counsel: "Yes, sir."

Defense counsel then began posing procedural questions. One asked, for example, if our "reconsidered order" would be self-executing. The other asked what effect, if any, such an order would have upon her identical sanction motion, which had been recently filed, but was not yet ripe for adjudication because of a local rule of procedure. (*See* Phila. R.C.P. 140.)

In an effort to shorten the paper trail, and in the spirit of Pa. R.C.P. 126, we, in turn, made the following inquiry of plaintiffs' counsel:

> Court: "If you don't get a doctor within thirty days, can I simply enter a non pros?"
>
> Counsel: "Yes, sir."[3]

We then closed the record by repeating our order, "Thirty days or non pros." Later in the day, we reduced our

*Feingold v. Philadelphia National Bank,* 313 Pa.Super. 579, 460 A.2d 339 (1983), *Brunetti v. SEPTA,* 329 Pa.Super. 477, 478 A.2d 889 (1984).

**3.** Counsel agreed that without an expert he could not sustain his burden of proof in this malpractice action.

understanding with plaintiffs' counsel to a brief order which could be more easily entered in our dockets than the transcript of the hearing. The order was as follows:

... this 5th day of January, 1987, after hearing, it is hereby ordered that plaintiffs provide expert reports, as previously directed, within thirty (30) days ... or suffer dismissal of the cause.

Plaintiff did not answer the interrogatories within the allotted time, and we did dismiss his action by order dated February 9, 1987. Within thirty days, and after notice to opposing counsel, plaintiffs' counsel appeared before us and asked that we reconsider this sanction. We declined to do so, largely because he had yet to answer the expert interrogatories. The case was simply too old, and counsel offered no extenuating circumstances for his failure to comply with the earlier orders. This appeal followed.

Opinion of the Trial Court at A1–A6.

The sole question before us is whether the trial court abused its discretion in dismissing appellants' malpractice action in light of appellants' failure to provide expert reports or answers to interrogatories within the thirty (30) day period as mandated by trial court's order. Appellants contend that this sanction was inappropriate because appellees have failed to demonstrate that they were prejudiced by appellants' failure to disclose the identity of their expert or their failure to answer the expert interrogatories. Based on our thorough review of the record in this case we find that the trial court's entry of non pros was proper.

Initially we note that while both parties cite cases dealing with preclusion of expert testimony as a sanction for failure to comply with discovery, the order before us is the trial court's entry of non pros pursuant to the agreement with appellants' counsel.[4] While the trial court initially decided

4. Appellee, Dr. Jaurigue cites our memorandum opinion accompanying this court's per curiam order in *Finocchio v. Pheasant,* 353 Pa.Super. 648, 506 A.2d 1340 (1985), as authority for his position that preclusion of testimony is proper sanction in this case. We strongly disapprove of this practice. "Memorandum opinions are unpublished and 'may not be cited as precedent in any brief, argument or sub-

that preclusion of expert testimony would be an appropriate sanction, it reconsidered its decision in light of counsel's agreement that if he failed to provide expert reports or answers to interrogatories within thirty days, a non pros would be appropriate. Because the subject matter of an appellate court's review is limited to the "final order" of the court below, we are constrained to review only the trial court's order entering a non pros. *See Cohen v. Jenkintown Cab Co.*, 300 Pa.Super. 528, 538 n. 8, 446 A.2d 1284, 1289 n. 8 (1982) (trial court's order and not its opinion which is the focus of review on appeal).[5]

The decision of the trial court to dismiss an action for failure to prosecute within a reasonable time will not be reversed absent a finding of a manifest abuse of discretion. *Metz Contracting, Inc. v. Riverwood Builders, Inc.*, 360 Pa.Super. 445, 449–450, 520 A.2d 891, 893 (1987). The policy behind the rule requiring the plaintiffs to proceed with their causes without unreasonable delay is that if a person has a right which he wishes to enforce, he should do so promptly, so that the other party will not be prejudiced by the possible disappearance or removal of witnesses. *Alker v. Philadelphia National Bank*, 372 Pa. 327, 331, 93 A.2d 699, 701 (1953). In other words, the logic behind requiring plaintiffs to attempt to vindicate their rights in a speedy fashion or suffer a non pros is the recognition that

squent opinion.' " *NPW Medical Center of N.E. Penna., Inc. v. L.S. Design Group, P.C.*, 353 Pa.Super. 341, 347 n. 4, 509 A.2d 1306, 1309 n. 4 (1986), *quoting* Business of the Superior Court of Pennsylvania, Internal Operating Procedures V.8 at 9 (1983).

5. Even if we were to view the trial court's order as one precluding expert testimony, we would find that preclusion was an appropriate sanction under the circumstances of this case. While the trial court made no specific finding with respect to the prejudice that appellee would suffer if appellant's expert were permitted to testify, we are satisfied that the trial court's opinion reflects adequate consideration of the factors enumerated in *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986) and a determination that these factors weighed in appellant's favor. *See* Pa. R.C.P. 4003.5(b), 4007.4 (1), (3), 4019(a)(1)(i); *Curran v. Stradley, Ronon, Stevens & Young*, 361 Pa.Super. 17, 521 A.2d 451, 457 (1987); *Dion v. Graduate Hospital*, 360 Pa.Super. 416, 520 A.2d 876, 882 (1987); *Brophy v. Brizuela*, 358 Pa.Super. 400, 517 A.2d 1293, 1295 (1986).

justice may be better administered when the facts are fresh in the minds of living witnesses who may be reached. *See* 5 Standard Pennsylvania Practice 136 (1958). In determining whether a non pros is proper, a three-part analysis is employed:

> A court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party....

*Moore v. George Heebner Inc.*, 321 Pa.Super. 226, 229, 467 A.2d 1336, 1337 (1983). Prejudice results to the opposing party upon the death or absence of a material witness. However, a finding of prejudice is not limited exclusively to these situations. Rather, prejudice may be said to result any time there is "a substantial diminution of a party's ability to properly present its case...." *Metz, supra* 360 Pa.Super. at 451, 520 A.2d at 894.

The present case has been pending for approximately four and a half years. Appellee, Dr. Jaurigue, sent expert interrogatories to appellant on January 23, 1984. Thereafter, appellees Jeanes Hospital, Dr. Michael Lewitt and Dr. Stuart Miller, served expert interrogatories on appellant on May 29, 1985 and July 12, 1985. Appellant failed to respond to these interrogatories and on February 28, 1986, Judge Hill granted a motion to compel answers to these interrogatories within 30 days. Appellant ignored the trial court's order and on April 4, 1986, appellees Jeanes Hospital, Dr. Lewitt and Dr. Miller, moved for imposition of sanctions. In response to this motion appellant submitted that an expert had not yet been obtained. On May 5, 1986, the trial court denied the motion without prejudice and invited appellees to resubmit the motion for sanctions if the answers were not seasonably supplemented as required under Rule 4007.4(1). Appellants did not seasonably supplement their answers as required by the rule, but merely responded on July 27, 1986 that they had still not retained

an expert. As a result, on November 17, 1986, appellees renewed their motion for sanctions. Appellants' response to the motion indicated that they had still not obtained an expert and that they had no intention of complying with the prior court directive. At the hearing on the motion, which was held on January 5, 1987, appellants indicated that they had merely taken token efforts to obtain an expert. Moreover, appellants reiterated their position that they had no duty to obtain an expert until such time as appellees could demonstrate that they were prejudiced by the absence of an expert. The trial court concluded that preclusion of expert testimony would be an appropriate sanction for appellants' willful frustration of its attempts to expedite discovery and concomitant trial of the case, but agreed not to impose such a sanction in light of appellants' representation that they would obtain an expert and answer interrogatories within thirty (30) days or suffer a non pros. When no answers were forthcoming within the thirty (30) day period, the trial court entered a non pros.

We believe that the foregoing events satisfy the three-prong test for entering a non pros. Approximately four and a half (4½) years have passed since the filing of the complaint with little, if any, effort put forth by appellants in attempting to obtain an expert. As the duty to diligently pursue their cause of action rests with appellants, the risk of failing to act within a reasonable time falls upon them as well. *Carrol v. Kimmel*, 362 Pa.Super. 432, 437, 524 A.2d 954, 957 (1987). In the present case, we conclude that appellants' actions clearly demonstrate a want of due diligence and a failure to proceed with reasonable promptness. In addition, far from providing a compelling reason for the delay, appellants' do not attempt to provide even the slightest justification for the delay in obtaining an expert. Rather, their failure to acknowledge any duty whatsoever to attempt to secure an expert for trial demonstrates an intentional disregard of the trial court's orders and its efforts to bring this case to a speedy resolve. Although appellees do not allege that material witnesses have died or absented themselves, we believe that appellees ability to

properly present its case at trial may have been substantially diminished by appellants' failure to procure an expert. The incident which is the subject of this dispute occurred on November 2, 1981, approximately six and a half (6½) years ago. Appellees have been denied an opportunity to prepare a defense to appellants' claims of malpractice. The memories of witnesses who may be crucial to preparation of appellees' defense have faded. *See Carrol, supra* (witnesses ability to recollect events is a factor to be considered in determining prejudice). Moreover, appellees have been forced to bear the stigma attached to an unresolved lawsuit for approximately four and a half (4½) years and incur continuous legal expenses as a result of appellants' procrastination in obtaining an expert. Consequently, the evidentiary difficulties which may face appellees as a result of the delay, in addition to the costs incurred and cloud cast upon appellees' names, clearly warrant a finding that appellees have been prejudiced by appellants' failure to obtain an expert within a reasonable time. Accordingly, the order dismissing appellants' action and entering non pros in favor of appellees is affirmed.

ORDER AFFIRMED.