**Daniel J. CONNER and Connie R. Conner, his wife, Appellants,**

v.

**Todd TOM, M.D. and Brookville Hospital, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 2, 2002.
Filed Nov. 6, 2002.

---

5. This Rule was previously numbered Pa. R.Crim.P. 105(b).

Darrell L. Kadunce, Butler, for appellants.

M. David Halpern, Altoona, for Tom, appellee.

Before: JOYCE, MUSMANNO and CAVANAUGH, JJ.

CAVANAUGH, J.:

¶ 1 Did the trial court commit reversible error in precluding the plaintiff appellant from presenting a medical expert at the trial of this medical malpractice case?

¶ 2 As a result of the court's preclusion order, appellant concedes that a subsequent summary judgment order was appropriately granted since he could no longer proceed with the case. The interlocutory preclusion order is the basis for the appeal.

¶ 3 The suit arises from the claim by Daniel Conner that he came under the care of appellee, Todd Tom, M.D., and pursuant to Tom's recommendation, underwent a surgical cholecystectomy performed by Tom on October 16, 1995. It is claimed that as an aftermath of the procedure, Connor suffered peritonitis and re-

quired further treatment including multiple surgeries to resolve complications. Almost two years after the surgery, a lawsuit by writ of summons was initiated against Tom and Brookville Hospital under date of October 10, 1997.[1] Following resolution of some preliminary objections, the pleadings were completed on April 29, 1998, when Tom filed an answer to plaintiff's "amended complaint as amended by stipulation." Appellee Tom had filed expert interrogatories and a motion for discovery of documents in December of 1997. When no answers or objection to the discovery were forthcoming, Tom filed a motion to compel/motion for sanctions on August 11, 2000. The court ordered oral argument. After argument, an order of court was entered which required that a copy of plaintiff's expert report be furnished to defendant Tom, together with answers to expert interrogatories and response to the motion for production of documents by December 8, 2000. When none of the material was forthcoming, Tom filed a motion for sanctions on December 27, 2000.

¶ 4 The court, by opinion dated June 14, 2001, adjudicated the motion by order which precluded appellant from presenting expert medical testimony. On October 23, 2001, the court granted summary judgment in favor of Tom and against the Conners, which enabled the present appeal.

■ ¶ 5 The matter of sanction for a discovery violation is one for the sound discretion of the trial court. We will not reverse such an order unless the court abused its discretion. *Croydon Plastics Co., Inc. v. Lower Bucks Cooling and Heating*, 698 A.2d 625 (Pa.Super.1997), *appeal denied*, 553 Pa. 689, 717 A.2d 1028 (1998).

■ ¶ 6 In its opinion in support of the preclusion order, the trial court focused on Pa.R.C.P. 4003.5(b) which explicitly provides for the instant sanction:

> (b) An expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief.

¶ 7 No expert's name or report was furnished in accordance with 4003.5(a)(1)[2]. Since appellant failed to supply the name or report of any expert, it is appropriate to order preclusion from calling any expert at trial. Appellant offers no record-based explanation of extenuating circumstances to defeat the application of the prescribed sanction. Appellant seeks to circumvent the prohibition against arguing outside the record by offering that the "statements" were made in chambers of the court and either forgotten or ignored by the court. We are furnished no authority for appellant's argument that a court legally errs when it does not direct that a stenographic record be made of arguments made in chambers on a routine motion. Nor does appellant explain why he did not request a stenographic record to be made of the hearing. Nevertheless, we consider the extenuating circumstances now proffered in appellant's brief. It is that plaintiff's

---

1. Appellant Conner agreed to discontinue the case against Brookville Hospital by stipulation dated September 1, 2001 and later filed of record.

2. The same sanction is available against a defaulting party under Pa.R.C.P. 4019 Sanctions.

"anticipated" expert had been "unable/and unwilling" to provide a report. If we accept this explanation at face value, it means nothing more than the simple fact that appellant has been unsuccessful in obtaining expert support for his claim, and that, six years after the surgical procedure, no expert who would attest to malpractice was procured, with the result that appellee was unable to learn of the specific claim initiated against him.

¶ 8 Appellant challenges the court's recitation that due to the time lapse, memories of witnesses have faded and evidence and witnesses may be difficult to locate or be lost. However, without a précis of the claim against him, appellee Tom would be confounded in any effort to defend himself. He had only an amended complaint with eight broadly worded allegations of negligence and a claim for failure to obtain acceptable informed consent. In a medical malpractice action, the medical history is generally fixed and documented and, as a result, the claimant's expert report constitutes the gravamen of the action. The report defines the fair scope of the plaintiff's claim from which he may not substantially deviate. Pa.R.C.P. 4003.5(c); *Petrasovits v. Kleiner*, 719 A.2d 799 (Pa.Super.1998); *Brady v. Ballay, Thornton, Maloney Med. Assocs., Inc.*, 704 A.2d 1076 (Pa.Super.1997), *appeal denied*, 555 Pa. 738, 725 A.2d 1217 (Pa.1998). Without knowledge of the boundaries of the particular claim of malpractice, it is obvious that a defendant physician will not know what evidence must be gathered and what witnesses must be consulted in preparing his defense. The handicap which appellant's failure places on his opponent is apparent and defeats his argument that there is no prejudice to appellee Tom.

¶ 9 We find that this appeal is closely analogous to the facts and disposition in *McSloy v. Jeanes Hospital*, 376 Pa.Super.

595, 546 A.2d 684 (Pa.Super.1988). In that case, a panel of this court affirmed the issuance of a *non pros* (and, alternatively, found a preclusion order appropriate) where the plaintiff failed to obtain and proffer an expert report over a period of 4–1/2 years. The court took notice of the stigma and cloud cast on the defendant's name during the long period of time.

¶ 10 When a malpractice suit is lodged, it carries with it, to a degree, a presumption of efficacy and, it inevitably subjects the defendants to, at the least, a measure of ongoing disquietude. It is altogether reasonable to require that the claimant demonstrate, if not when the suit is initiated, then in a timely period thereafter, the details of his assertion of fault.

¶ 11 In view of the unsubstantiated presumption in continuing to prosecute this case despite the patent inability to obtain and present evidence which would support their claim and the absence of any credible argument on appeal, we award costs to appellee under the terms of Pa. R.A.P. 2744. The order granting summary judgment is affirmed. Case remanded to the trial court to determine appropriate damages pursuant to Pa.R.A.P. 2744.

¶ 12 Order affirmed. Case remanded. Jurisdiction is relinquished.