## Rubeck v. Milroth

C.P. of Fulton County, no. 83-2001-C.

*James W. Harris,* for plaintiffs.

*Sarah W. Arosell,* for defendant Milroth.

HERMAN, *J.,* February 6, 2003—

## INTRODUCTION

Before the court is a motion for sanctions filed by defendant W.L. Milroth M.D. in this action alleging medical malpractice. Plaintiffs are David and Larry Rubeck, co-executors of the estate of their father, the decedent Luther Rubeck Jr. Defendant now seeks to preclude plaintiffs from offering any testimony at trial concerning those matters sought in discovery which remain unanswered despite numerous requests and court directives. Defendant also seeks counsel fees incurred to file several motions for sanctions in connection with the unproduced discovery. Plaintiffs have answered the motion. This matter is ready for decision.

## PROCEDURAL HISTORY

Plaintiffs filed a praecipe for a writ of summons on November 1, 1999. Defendant served discovery requests on November 16, 1999, specifically, interrogatories, expert interrogatories and a request for production of documents. In response to a rule, plaintiffs filed their complaint on February 22, 2000 alleging defendant was negligent in providing treatment to the decedent who died of complications from diabetes on September 25, 1998. Defendant was the decedent's treating physician and it is alleged he failed to bring the decedent's diabetes under control during the three and one-half years before the decedent's death.

On March 5, 2001, defendant filed a motion to compel plaintiffs to produce responses to the discovery *which had remained unanswered for 15 months.*[1] The discovery sought information about the decedent's prior medical history, any relevant written statements and exhibits, the identity of any lay witnesses, and the identity, qualifications and substance of the facts and opinions to which plaintiffs' experts were expected to testify at trial. Defendant had been provided with only certain medical records despite defense counsel's numerous informal requests. Defendant also sought court assistance in setting plaintiffs' depositions because plaintiffs through their counsel *had repeatedly failed between April 2000 and March 2001 to respond to requests made by defense counsel to schedule depositions.* The court issued an order on March 19, 2001 directing plaintiffs to provide the requested information and documents, as well as deposition dates, within 20 days of April 15, 2001 or to show cause why answers and/or documents were being withheld. Plaintiffs were to file a written answer to the motion for sanctions. The order also stated that failure to comply could result in sanctions as provided in Pa.R.C.P. 4019.

Meanwhile, pursuant to opinion and order of March 15, 2001, the court transferred the case to Fulton County after argument on defendant's preliminary objections to

---

1. Rule 4006(a)(2) requires the party served to answer each interrogatory completely unless that party objects to the interrogatory and states the reason for the objection. The answering party must serve a copy of the answers and/or any objections within 30 days of service of the interrogatories. Rule 4009.12 requires the party served with a request for production of documents to respond and/or produce the documents or things sought within 30 days of service of the request.

venue. The court also directed plaintiffs to file an amended complaint within 20 days of receipt of the order.

Defendant filed a motion for judgment non pros and a motion for sanctions on June 12, 2001. The grounds for the motion were *plaintiffs' failure to provide discovery by May 15, 2001 as directed in the March 19, 2001 order and their failure to file an amended complaint within 20 days pursuant to the March 15, 2001 order.* The court issued a 20-day rule on plaintiffs to show cause why the motion for judgment non pros should not be granted. The court reserved ruling on the motion for sanctions until plaintiffs had a chance to answer the rule.

Plaintiffs filed an amended complaint on July 17, 2001. They also filed an answer to the motion for sanctions that same date.[2] Plaintiffs' counsel explained that his failure to file the amended complaint sooner was the result of his illness and hospitalization between January 25 and April 15, 2001. He also objected to the interrogatories. Those objections were untimely at that point, however. Plaintiffs' counsel averred that he and defense counsel had agreed that providing all medical records and bills would satisfy the request for production of documents. In addition, plaintiffs' counsel averred that his physicians advised him to stop practicing law and he was in the process of transferring the case file to another attorney, Darryl Cunningham, Esquire, when the motion for sanctions was filed. He asked the court to deny the motion and grant a 30-day extension to answer the remaining

---

2. Plaintiffs did not file a separate answer to the rule concerning judgment non pros even though that was the motion which the court specifically directed them to answer.

discovery and file objections and also to set a date for a scheduling conference. Although plaintiffs' answer to the motion for sanctions was filed with the prothonotary, it did not feature a proposed face order and plaintiffs' counsel did not ensure that the answer and request for relief was brought to the court's attention. The court therefore did not rule on defendant's motion for sanctions nor did we grant an extension or set a scheduling conference date as requested by plaintiffs' counsel. The motion for judgment non pros also lay dormant at that point.

On August 10, 2001, defendant filed an answer to the amended complaint along with new matter. Plaintiffs filed a reply to new matter on September 7, 2001.

*By the end of September 2001, defense counsel still had not yet received plaintiffs' counsel's withdrawal and an entry of new counsel's appearance as promised in plaintiffs' July 17, 2001 pleading.* Attorney Cunningham told defense counsel upon her direct inquiry that he would not be taking the case. Around the same time, plaintiffs' counsel told defense counsel that plaintiffs were considering dropping the case. Still attorney of record for plaintiffs he continued to ask for professional courtesies as to scheduling plaintiffs' depositions which defense counsel granted. Finally, a deposition date of December 3, 2001 was set. *Even at that point, plaintiffs had not yet answered the outstanding discovery despite the March 19, 2001 order.*

Only three days before the depositions, Attorney James W. Harris, Esquire, emerged as possible counsel for plaintiffs and cancelled the depositions until he could enter his appearance and familiarize himself with the case. This prompted another defense motion for sanctions on Janu-

ary 9, 2002. Defendant asked the court to preclude plaintiffs from offering any evidence concerning the topics raised in the discovery requests and also asked for counsel fees in connection with having to file the motions for sanctions. *The court issued an order on January 18, 2002 directing plaintiffs to appear for depositions and to complete discovery, including their expert report, within 20 days (February 7, 2002).* Defendant's request for counsel fees was denied without prejudice.

On February 8, 2002, *the day after discovery was due,* plaintiffs' current counsel moved for an extension until April 15 to comply with discovery and May 15 to provide the expert report. He also finally entered his appearance.[3] In response, defendant on April 25, 2002 filed an opposition to the extension and also filed another motion for sanctions. Before the court could issue a ruling, *on May 15, 2002, one month past the discovery deadline and the very deadline date for providing the expert reports,* plaintiffs' counsel filed a motion requesting an extension until July 30 to produce discovery and until August 30 to provide the expert report. According to the motion, this extension was necessary because plaintiffs' original counsel did not turn over the entire file to current counsel until mid- April. The court granted the extension on May 28, 2002 *on the condition that plaintiffs provide complete answers to all outstanding discovery no later than July 30 and provide an expert report no*

---

3. We note the document purporting to be plaintiffs' original counsel's withdrawal and Attorney Harris' entry of appearance is unusual in that original counsel did not sign his own name. Instead, Attorney Harris signed it on original counsel's behalf. Although the court wonders whether this constituted a valid withdrawal, defendant does not press this issue.

*later than August 30.* The court also stated in the order that no objections to discovery would be entertained and dismissed any objections already filed as untimely.

On August 23, 2002, plaintiffs' counsel filed yet another motion for an extension until October 15 to provide an expert report. He averred that he had answered the outstanding interrogatories and that plaintiffs were deposed on August 8 but that he had been unable to obtain an expert report because of the "voluminous nature of the medical records." He represented that he was having difficulty getting the cooperation of a physician who initially agreed to review the medical records and that another doctor had agreed to review some of those records. The court returned the motion to plaintiffs' counsel on September 4, 2002 for failure to seek concurrence from defense counsel and the failure to attach a verification. 39 Jud.Dist.C.R. 39-206.1.2; 39-206.1.3; Pa.R.C.P. 206.3. In the interim, defense counsel answered the motion and based on that answer the court on September 9 denied the motion to enlarge the time to provide an expert report. One reason for the ruling was defense counsel's averment that it had been represented to her at the time of attorney transfer that plaintiffs had already retained an expert to review all the medical records and plaintiffs' new counsel had indicated he would not have taken the case in the first place without such expert input.

Defense counsel filed the current motion for sanctions on September 23, 2002 alleging that *plaintiffs have still not provided complete answers to written discovery or their expert report.* In addition, defendant himself has not yet been deposed, not having been requested to sit

for a deposition by plaintiffs' counsel. Defense counsel points out that plaintiffs' answers (served July 22, 2002) to defendant's interrogatories are incomplete in violation of the May 28, 2002 order. Defense counsel also notes that expert interrogatories remain unanswered as well despite the August 30 deadline set by that same order. Defendant asks the court to preclude plaintiffs from offering any testimony at trial concerning those matters addressed in the pertinent discovery requests and responses. This would include expert medical testimony. Defendant also seeks attorney fees in connection with the current motion as well as the motions filed January 9, 2002, April 25, 2002, August 28, 2002 and September 23, 2002.

Plaintiffs deny they have deliberately and consistently disobeyed the court's orders or hindered the defendant's ability to prepare a defense. Plaintiffs contend it was defense counsel's limited availability for depositions in June and July which caused plaintiffs' depositions to be taken on August 8, a date less than three weeks before the expert report deadline of August 30. Plaintiffs maintain that they have now provided full answers to discovery, though they admit they have not yet provided an expert report. Finally, plaintiffs' counsel argues that plaintiffs should not themselves be sanctioned because their prior counsel failed to move the case.[4]

---

4. In addition to their answer to the motion for sanctions, plaintiffs filed a separate motion to strike the motion for sanctions essentially reiterating their response to that motion. We here consider both sets of motions and answers along with the entire record.

## DISCUSSION

The imposition of sanctions is within the sound discretion of the trial court. *Conner v. Tom,* 811 A.2d 6 (Pa. Super. 2002); *Pompa v. Hojnacki,* 445 Pa. 42, 281 A.2d 886 (1971). Sanctions are governed by Pa.R.C.P. 4019 which provides:

"(a)(1) The court may, upon motion, make an appropriate order if

"(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005 . . .

"(viii) a party or person otherwise, fails to make discovery or obey an order of the court respecting discovery . . .

"(c) The court, when acting under subdivision (a) of this rule, may make

"(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition . . .

"(5) such order with regard to the failure to make discovery as is just."

The purpose of the rule is to ensure timely and adequate discovery as well as compliance with court orders. The court must balance the need to move the case to a prompt conclusion against the substantive rights of the parties. *Poulos v. PennDOT,* 133 Pa. Commw. 322, 575 A.2d 967 (1990). The court must weigh several factors in deciding whether sanctions are warranted and if so, what sanctions are appropriate. Those factors include

the nature and severity of the violation, the defaulter's willfulness or bad faith, prejudice to the opposing party, and the importance of the precluded evidence in light of the failure to comply. *Croydon Plastics Co. Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625 (Pa. Super. 1997). Prejudice occurs where there is a substantial diminution in the opposing party's ability to defend himself. *Stewart v. Rossi,* 452 Pa. Super. 120, 681 A.2d 214 (1996). Prejudice can also be found where a lawsuit casts a shadow over a defendant's reputation during a long period of another party's noncompliance with discovery rules and court orders. *Conner, supra.*

The exclusion of expert testimony is a proper remedy where a party fails to disclose the nature of that testimony. Pa.R.C.P. 4003.5:

"(a)(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his or her answer a report of the expert or have the interrogatories answered by the expert. The answer or separate report shall be signed by the expert.

"(b) An expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of ex-

tenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief."

The remedy of exclusion is particularly appropriate where the noncompliance is both a violation of the discovery rules as well as an order of court compelling discovery. *Miller Oral Surgery Inc. v. Dinello,* 416 Pa. Super. 310, 611 A.2d 232 (1992); *Brophy v. Brizuela,* 358 Pa. Super. 400, 517 A.2d 1293 (1986). When precluding such evidence will make it difficult for a plaintiff to prove his case, the court may do so only if that remedy is commensurate with the discovery violation and/or the failure to abide by an order of court. *Steinfurth v. LaManna,* 404 Pa. Super. 384, 590 A.2d 1286 (1991). Any such difficulty of proof is only one factor in the analysis. Another factor as mentioned above is "the stigma and cloud cast on the defendant's name" during the long period of noncompliance. *Stewart, supra; Conner, supra.*

In a medical malpractice action, a plaintiff's expert report which specifies the nature of the alleged negligence is central to a defendant's ability to prepare his defense. Without that report, a defendant cannot determine what evidence he must gather and what witnesses he must consult in order to adequately defend himself against a plaintiff's accusations. Courts view this as a considerable handicap to a defendant and sufficient justification for preclusion even where such preclusion leads ultimately to summary judgment in a defendant's favor. *Conner supra; McSloy v. Jeanes Hospital,* 376 Pa. Super. 595, 546 A.2d 684 (1988).

In *Brophy, supra,* the plaintiffs alleged the defendant physician had performed a substandard tubal ligation.

The defendant served expert interrogatories on the plaintiffs, which went unanswered despite several attempts to have them answered, including a court order. After moving for sanctions, the court ordered that plaintiffs would be precluded from introducing any testimony or other evidence pertaining to the subject matter of the expert interrogatories. The delay of nine months was too long to ignore. The plaintiffs' only explanation was their difficulty finding an expert. A motion for summary judgment ensued which the court granted because expert testimony was needed to establish the standard of care.

Similarly, in *Conner, supra,* the defendant physician filed expert interrogatories and a motion for discovery of documents. Receiving no answers or objections, he moved to compel and for sanctions. The court directed the plaintiff to provide an expert report as well as answers to expert interrogatories. No material was provided as ordered, prompting another motion for sanctions. The court precluded the expert medical testimony pursuant to Rule 4003.5(b) and 4019, noting the plaintiff had been unable to find an expert six years after the fact who was willing to opine that malpractice had occurred, leaving the defendant with no way of learning the specific nature of the claim against him. In precluding the expert testimony (which ultimately led to summary judgment), the court considered that the time lapse could make it difficult for the defendant to locate witnesses and other evidence and the located witnesses might not recall the incident clearly six years after the fact. The court also awarded counsel fees and delay damages.

The instant plaintiffs commenced this action in 1999 and it has been their burden to move the case toward

trial. Unfortunately, the record clearly shows plaintiffs and/or their counsel have neglected the case despite defense counsel and the court extending them every fairness and opportunity in matters of discovery and scheduling. A clear pattern emerges of delay and noncompliance with discovery rules. In addition, plaintiffs have repeatedly failed to comply with this court's orders.

Defendant was forced to file a motion to compel discovery on March 5, 2001 to obtain discovery which was overdue by 15 months despite numerous requests made to plaintiffs' prior counsel between April 2000 and March 2001. Plaintiffs also did not file a timely amended complaint as directed by the March 15, 2001 order disposing of preliminary objections, forcing defendant to move for compliance. The order of March 19, 2001 gave plaintiffs until May 15, 2001 to provide the discovery. They did not fully comply with this order and supplied only some of the discovery by the time they answered a motion for sanctions.

Plaintiffs' answer to the motion offered the poor health of plaintiffs' prior counsel as a basis for the delay and their failure to comply with this court's orders. In the following months, defense counsel patiently and repeatedly extended professional courtesies to plaintiffs' counsel who had lingering health problems as well as vacation plans. All the while, defense counsel was assured that new counsel would be taking over the case shortly. Defense counsel then learned on her own that proposed new counsel would *not* in fact be taking the case. Plaintiffs' counsel also told her the case might be dropped altogether. All this had the effect of stalling defense coun-

sel from filing another motion for sanctions and/or non pros due to plaintiffs' continued failure to abide by the discovery deadlines in the rules of civil procedure, as well as the court's March 19, 2001 order.

After many professional courtesies from defense counsel, depositions were finally set for December 3, 2001. Only three days before they could be taken, defense counsel learns of *potential* new counsel for plaintiffs and the plaintiffs' cancelling of the depositions. Defendant was again compelled to move for sanctions and the court on January 18, 2002 set a discovery deadline of February 7. Prior counsel had not withdrawn nor had new counsel entered his appearance at the time the court issued its January 18 order. New counsel also waited until February 8—the day *after* the court-ordered deadline—to seek an extension to May 15, 2002 and to finally enter his appearance. Despite defendant's opposition, we again granted plaintiffs another opportunity to comply with the discovery rules and our March 19, 2001 order. When plaintiffs failed to meet their own requested deadline, we *once again* granted them until July 30 and August 30 to complete discovery, the very deadlines they themselves requested, despite defendant's opposition. Those deadlines likewise went unmet.

Plaintiffs' current counsel urges the court not to penalize his clients for the lack of attention which their prior counsel devoted to this case. This argument rings hollow. Plaintiffs have in fact received the benefit of this court's fairness on many occasions, as well as the considerable patience of the opposing party. Any failures of plaintiffs' prior counsel to attend to this case is only one factor to be weighed here. *Vorhauer v. Miller,* 311 Pa. Super. 395, 457 A.2d 944 (1983).

In addition, we are troubled by the efforts of plaintiffs' current counsel to blame defense counsel for the fact that discovery remains incomplete. Current counsel knew or should have known he was inheriting a case already rife with delay and neglect which is evident from even a cursory review of the file. Current counsel himself twice waited until the last minute and even past court-ordered deadlines to enter his appearance and to request additional time to comply with our orders.

Plaintiffs claim they have fully answered all non-expert interrogatories. The record reveals this is patently inaccurate. Interrogatories nos. 10, 11, 12, 17 and 19 remain unanswered despite the clear mandate of this court's May 28, 2002 order requiring plaintiffs to provide full and complete answers to the outstanding discovery by July 30, 2002. Again we note July 30 was a deadline requested by plaintiffs themselves through their current counsel.[5]

After three years of litigation, defendant still does not know the precise parameters of the allegations of malpractice against him. Fairness dictates he should be relieved of having to continue to defend against an action in which plaintiffs have been unable to retain an expert willing to opine that he committed any professional negligence in his treatment of plaintiffs' decedent. Furthermore, the court is fully justified in sanctioning plaintiffs

5. Defendant's interrogatories and plaintiffs' partial answers were supplied by plaintiffs' counsel at the court's request. They will be made part of the record in the attached order.

for their failure to shoulder their burden to move this case forward and to comply with this court's orders.[6]

The court will grant defendant's motion for sanctions. An appropriate order is attached.

## ORDER

Now February 6, 2003, the court hereby grants the motion for sanctions filed by the defendant William Milroth. The plaintiffs are precluded from offering any testimony, including expert medical testimony, as to the subject matter addressed in the unanswered discovery requests and responses, against the defendant at the time of trial. Counsel for the defendant may submit to the court billing documentation pertaining to his request for attorney fees in connection with filing the motions for sanctions. It is further ordered that the prothonotary file and make a part of the record the defendant's interrogatories and the plaintiffs' answers thereto.

---

6. In addition to the case authority cited above, this court is aware of the recent decision in *Wolloch v. Aiken,* 2002 WL 31914696 (Pa. December 31, 2002). The Supreme Court affirmed the trial court's grant of summary judgment against a plaintiff who failed to make out a prima facie case of medical malpractice for want of timely-submitted expert reports. The Supreme Court found the Superior Court had reversed the trial court under the erroneous impression that the trial court had abused its discretion in dismissing the case as a discovery sanction for noncompliance with a case management order set down by a local rule of court. The Supreme Court found that the trial court had not in fact dismissed the action as a discovery sanction and therefore the Superior Court's analysis using case law which governs discovery sanctions had been misplaced. The Supreme Court ruling in no way undermines our conclusions in the case at bar.