# Owens v. Hiemenz

*Bernard A. Anderson,* for plaintiff.
*Laurie B. Shannon,* for defendants.

WALLACH MILLER, *J.,* March 1, 2011—On May 2, 2008, Carol Owens, ("plaintiff") brought this action against defendants, Donald W. Hiemenz, M.D., Brodheadsville Family Practice and Family Practice Associates of Brodheadsville, P.C. plaintiff alleged that defendant, Hiemenz ("Hiemenz"), examined and subsequently cleaned wax out of her right ear, causing injuries to that ear. On September 11, 2009, plaintiff served her second set of interrogatories on defendant which went unanswered until August 4, 2010. Plaintiff, allegedly unsatisfied with Hiemenz's responses, filed a motion to compel discovery on October 27, 2010. The parties have argued their positions before the court and we are prepared to rule in this matter.

Plaintiff complains that Hiemenz has not fully or completely responded to Interrogatories 26, 30, 36, and 38. The Pennsylvania Rules of Civil Procedure provide for the discovery of documents as follows:

(a) The party upon whom the request is served shall within thirty days after the service of the request

(1) serve an answer including objections to each numbered paragraph in the request, and

(2) produce or make available to the party

submitting the request those documents and things described in the request to which there is no objection

(i) Where the documents may be identified only after review of a larger group of documents, and the burden of identifying the documents would be substantially the same for the party serving the request as for the documents, to examine or inspect them and to obtain copies.

(b) The answer shall be in the form of a paragraph-by-paragraph response which shall

(1) identify all documents or things produced or made available;

Pa.R.C.P. 4009.12 (a)(b)(1).

In addition, the Pennsylvania Rules of Civil Procedure provide that:

a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Pa.R.C.P. 4003.1(a)

Plaintiff's Interrogatory 26 reads as follows:

26. Describe the nature and result of any and all tests,

examinations or studies of the subject syringe by any person or entity, including the St. Luke's Hospital Biomedical Engineering Department after the subject incident on May 26, 2006, and provide a copy of any writings concerning any tests, examinations or studies.

In response, Hiemenz lodged an "objection pursuant to the Peer Review Protection Act ('PRPA') and the MCARE Act." plaintiff requests this court order Hiemenz to fully and completely respond to this interrogatory, or provide any factual or legal basis for asserting the privilege under the PRPA or the MCARE Act.

It is well established in Pennsylvania that the PRPA protects items subject to peer review to ensure comprehensive, honest, and potentially critical evaluations of medical professionals by their peers. *Dodson v. Deleo,* 872 A.2d 1237, 1242 (Pa. Super. 2005). At the time of oral argument, Hiemenz's counsel indicated that Hiemenz was unaware what happened to the syringe and stated that the syringe was outside of Hiemenz's control. Given that Hiemenz cannot state who has the syringe or what, if any, tests have been completed on it, we believe that an objection pursuant to the PRPA and the MCARE Act is inappropriate. Hiemenz can simply state in his response to Interrogatory 26 that the syringe is outside of his control and identify who has it.

Plaintiff's Interrogatory 30 reads as follows:

30. Do you contend that the plaintiff in any way contributed to the occurrence set forth in the complaint, and if so, state all facts and circumstances supporting

your contention.

Due to the nature of this request, we believe that the information plaintiff seeks will be revealed at the deposition of the parties. Although Hiemenz raised the defenses of comparative and contributory negligence in his answer and new matter, any negligence on the part of plaintiff will be discussed at the time of her deposition. Hiemenz may supplement his request, if necessary, after plaintiff's deposition.

Plaintiff's Interrogatory 36 reads as follows:

36.    State the full court caption of any medical malpractice action in which you were named as a party.

Hiemenz objects, claiming the request is broad, burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant evidence.

The Pennsylvania Rules of Civil Procedure provide that information may be discovered, even if it would be inadmissible at trial, if it is "reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. 4003.1(b). The information plaintiff seeks, then, is discoverable if it is relevant or likely to lead to the discovery of relevant evidence. See Pa.R.E. 402.

We believe plaintiff's request for information about any medical malpractice action in which Hiemenz was named as a party is a request which could lead to admissible evidence. Although Hiemenz raises an objection to the interrogatory, he names two cases, *Staub*

*v. Plano* and *Macaluso v. Heimenz*, in his answer. We hold that Hiemenz must conduct a diligent search of his records and provide a full and complete response to plaintiff's Interrogatory 36.

Lastly, plaintiff's Interrogatory 38 reads as follows:

38. State the full court caption of any case in which testified [sic], whether as a party or a witness.

The Pennsylvania Rules of Civil Procedure generously allow discovery and our courts have expressed a preference for broad and liberal discovery. However, this policy must be balanced against the burden placed upon the party from whom the information is sought. We, as the trial court, are required to effectuate a "balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." *Poulos v. Com., Dept. of Transportation*, 575 A.2d 967, 969 (Pa. Super. 1990) (citation omitted). This specific request is simply too broad, and the information plaintiff seeks is not reasonably calculated to lead to further discoverable evidence. Accordingly, we will not require defendant to respond to Interrogatory 38.

According to the foregoing, we enter the following order:

## ORDER

And now, March 1, 2011, after oral argument and upon consideration of the plaintiff's motion to compel discovery and defendant Donald W. Hiemenz M.D.'s response, it is hereby ordered as follows:

1.   Defendant shall respond fully to Interrogatories 26 and 36 of plaintiff's interrogatories (Set II) within 20 days of the date of this order.

2.   Defendant shall not be required to respond to Interrogatories 30 and 38 of plaintiff's interrogatories (Set II).